[Landers v. Hayes.]

# Landers *v.* Hayes.

### Ejectment.

(Decided May 18, 1916.   72 South. 106.)

1. **Descent and Distribution; Homestead; Widow.**—Where the husband owned at the time of his death a single tract of land which did not exceed in value $2,000, the only child left by him not being a minor, the title to the land vested absolutely in the widow under § 2098, Code 1896.

2. **Evidence; Hearsay; Pedigree.**—Hearsay evidence is always admissible to prove pedigree, that term embracing not only questions of descent and relationship, but also the particular facts of birth, marriage and death, and the time when these events may have happened.

3. **Same.**—Such declarations made by members of a family, admissible on matters of pedigree, whether in writing or orally, should be confined to some members of the family, as distinguished from a general rumor or neighborhood reputation.

4. **Same; Predicate.**—As a predicate for the admission of hearsay evidence of members of a family as to matters of pedigree, it must appear that the declarant had died since making his declaration.

5. **Same; Age.**—Age may be proven by the testimony of a person whose age is in question, and the fact that his knowledge was derived from his parents or from family reputation, does not render his testimony inadmissible, such being primary and not secondary evidence.

6. **Same.**—Where the age of plaintiff's deceased father was a material issue, proof of the statement made by the father as to his age, all being made before suit brought, was admissible.

7. **Same.**—Declarations of a person as to his age, affecting favorably his own interest, or that of his estate in an existing controversy, are inadmissible, although he has since died, not under the hearsay rule, but because such declarations are self serving.

8. **Witnesses; Disqualification; Declaration of Decedent.**—Where the agent of plaintiff's deceased father was material, the widow was competent under the statute to prove statements made by him relative to his age if her interest is not opposed to the interest of his estate.

9. **Evidence; Hearsay; Age.**—Where the age of plaintiff's father was a material issue, the fixing of the date of the father's marriage and the date of the death of the father's father was admissible in connection with statements made by the father to his wife, as to his age at the time of these events.

10. **Same; Opinion; Value.**—Value may be proven by a non expert, and the opinion of a witness who knew the land concerning its rental value, was not objectionable.

11. **Trial; Discretion of Court; Reading Evidence.**—It is discretionary with the trial court whether it will permit the official stenographer to read excerpts from the evidence to the jury.

[Landers v. Hayes.]

12. **Descent and Distribution; Exemptions; Widow.**—The value of a decedent's land as related to the exemption of the widow should have been computed upon so much of the land as decedent owned, and not the entire tract.

13. **Appeal and Error; Harmless Error; Instructions.**—Where it was claimed that upon the death of plaintiff's father, the land vested in the widow because worth less than $2,000, and consequently did not descend to plaintiff, error in a charge intended to exclude any exemption to the widow, if the land was worth over $2,000, the charge basing the value upon the entire tract, and not upon so much of the land as the father might have owned, was harmless; the proof failing to show that whatever land the father got was his exemption at the time of his death, and that he lived on it, or owned less than the exemption so as to vest title in his widow and minor child.

14. **Dower; Sale by Widow.**—Plaintiff heir was not precluded from recovery in ejectment on the theory that defendant held under a conveyance from plaintiff's mother who had a dowerable interest in the land which was assigned by her deed to defendant.

15. **Charge of Court; Covered by Those Given.**—It is not error to refuse charges substantially covered by written charges given.

16. **Ejectment; Burden of Proof.**—A plaintiff in ejectment does not have to prove title beyond a reasonable doubt.

17. **Same; Prima Facie Case.**—In ejectment, proof by plaintiff that she was the only child of decedent who was the only child and sole heir of the admitted owner of the land, and who was dead, made a prima facie case; and where defendant relied upon a break in the transmission of the title by descent, that is, that it was exempt, and not subject to the law of descent and distribution, the burden was on defendant to show the exception to the rule.

18. **Same; Rental Value; Evidence.**—In ejectment the jury may look to the proof as to the character and value of the land in determining its rental value, there being direct evidence also as to its rental value.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Ejectment by Lillian Hayes, pro ami, against M. R. Landors. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts sufficiently appear.

The following charge was given for plaintiff:

(1) If you are satisfied reasonably from the evidence that at the death of Noah Hayes his son, James, was not 21 years old, and if you are further satisfied reasonably from the evidence that the land in question was worth more than $2,000 at the time of the death of James Hayes on August 31, 1907, then your verdict should be in favor of plaintiff for an undivided one-half interest in the lands sued for, together with the value of the rental during the time the defendant had been wrongfully in possession.

The following charges were refused to defendant:

[Landers v. Hayes.]

(B) The burden of showing title to land in plaintiff is upon plaintiff, and, if plaintiff has left your minds in doubt as to any material fact upon which her claim of title rests, and that doubt is a reasonable doubt, your verdict should be in favor of defendant.

(D) There is no evidence before you as to who changed the monument at the grave of James Hayes, or for what purpose said monument was changed, if it was changed.

(E) The burden rests upon plaintiff to reasonably satisfy the jury that James Hayes was not of age when his father died, or the lands that were left by Noah Hayes at the time of his death were worth more than $2,000.

(F) The burden rests upon plaintiff to reasonably prove that the lands were not exempt to the widow, and did not vest in her upon the death of Noah Hayes.

E. O. McCORD, and THOMAS E. ORR, for appellant. STREET, ISBELL & BRADFORD, for appellee.

ANDERSON, C. J.—(1) This was an action of ejectment, and the plaintiff proved a prima facie title to the land by descent; that is, that she was the only child of James Hayes, deceased, and that James was the only child and sole heir of the admitted owner of the land, Noah Hayes, deceased. The defendant attempted to overcome the plaintiff's claim by inheritance, under the contention that upon the death of the said Noah Hayes his widow was entitled to the land in question as exempt to her, and, as the said Noah owned no other land, and as this land did not exceed in value $2,000, the title, under the then existing statute (Code 1896, § 2098), vested absolutely in said widow, as the only child left by the said Noah Hayes was not a minor at the time of the death of his father. If these facts were true, then this plaintiff should not have recovered, but it seems that the jury found that the land did not exceed the exemption in area and value, and was therefore exempt, but they must of necessity have found that James Hayes was a minor at the time his father, Noah, died, and took a half interest in the exemption with his mother, as a verdict was returned for this plaintiff for an undivided one-half interest in the land. The result is that the pivotal point in the case is the minority vel non of James Hayes when his father died, and which involves the

date of the birth of the said James as well as the exact time of the death of his father, Noah Hayes.

(2-8) The rule seems to be that hearsay evidence is always admissible to prove pedigree, and this term embraces not only questions of descent and relationship, but also the particular facts of birth, marriage, and death and the time when these events may have happened. Such evidence is held admissible not only from the extreme difficulty of producing any better, but is resorted to upon the ground of the interest of the declarants in all such matters of family relationship and connection. These declarations, however, whether in writing or by word of mouth, should be confined to some members of the family as distinguished from a general rumor or neighborhood reputation, and as a predicate therefor it must appear that the declarant has since died.—*Cherry v. State,* 68 Ala. 29; *White v. Strother,* 11 Ala. 720; *Elder v. State,* 123 Ala. 35, 26 South. 213; *Rogers v. De Bardeleben,* 97 Ala. 154, 12 South. 81. Age may be proved by the testimony of the person whose age is in question, and the fact that his knowledge is derived from statements of his parents or from family reputation does not render the testimony inadmissible. The statement of a party as to his own age is deemed primary, and not secondary, evidence.—*Cherry's Case, supra.* While the books sanction the rule that one's age can be proved by the declarations of a member of his family since deceased, we find no case which holds that the age of a person since deceased can be proved by declarations made by him in life, nor do we find a case holding that such declarations are not admissible. The case more nearly bearing upon the question is the *Rogers Case, supra,* wherein the court, in stating the ruling as to declarations and relationship, authorizes evidence of the "acts" and "conduct" of the person ("whose pedigree or age is the subject of inquiry"). If a person can testify to his own age, we are at a loss to see why his declarations to others as to his age before his death should not be admitted after his death. It is held that proof of the declarations of any deceased member of his family are admissible; yet next to the parents the person himself is more apt to have his own age more accurately fixed in his mind than it would be in the mind of some collateral member of his family. Circumstances could often arise where the only reasonable way to establish the age of a deceased person would be by entries made by him during his life or declarations that he may have made during life to

his wife and children, friends and neighbors as to when he was born, etc. Especially would this be true as to men who settle in a new country, but brought with them no family record as to birth, yet who had stated their age continually and consistently in various and sundry ways for an entire lifetime, and it would be absurd to hold that proof of these facts could not be made, and that resort must be had to the community where he was born years ago in some distant state or country. We do not think that the trial court erred in letting in proof of the statements of James Hayes, deceased, as to his age, as they were all made before this suit was brought. We do not mean to hold that the declarations of a person as to his age affecting favorably his own interest, or that of his estate, in a controversy then existing, would be admissible although he may have since died, but it would be rejected upon the theory of self-serving instead of hearsay evidence. The declarations in question, however, were made before this suit was brought or the controversy arose between these parties. It is suggested that the widow of James Hayes was incompetent, under the statute, to prove statements made by him. In order for her to have been incompetent her interest must have been opposed to the interest of the estate of the deceased. If such was the case, she was called to the stand by the party to whose interest she was opposed.

(9) The fixing of the date of marriage with James and the date of the death of Noah Hayes was admissible in connection with the statements made by James to his wife as to his age at the time of these events, and tended to show how old he claimed to be.

(10) Value can be proved by non-expert witnesses, and Mrs. Adams knew the land and what she said about the rental value of the same was merely an opinion, and was not objectionable.

(11) The action of the trial court in permitting the stenographer to read excerpts from the evidence to the jury before it retired was discretionary.

(12-14) Charge 1, given at the request of the plaintiff, was evidently intended to exclude any exemption to James Hayes' widow if the land was worth over $2,000 at the time of the death of said James, and it was erroneous; for the value should have been based upon so much of the land as James may have owned, and not the entire tract. But the giving of this charge was error without injury, as the proof did not show that whatever

land James got was his exemption at the time of his death, neither that he lived on it or owned less than the exemption so as to vest the title to his interest in the land in question in his widow and child. Said charge was not erroneous as to rent, as the defendant did not show that the wife held or claimed the land as dower, and, if the plaintiff was entitled to recover, she was entitled to rents also. Nor was the heir precluded from a recovery upon the theory that the defendant held a conveyance from the widow of James Hayes, who had a dowerable interest in the land, and which was assigned by her deed. This might be an equitable defense, but is not good at law to an action by the heir to recover the land.—*Reeves v. Brooks*, 80 Ala. 26.

(15) Defendant got the full benefit of refused charge A in his written charges that were given.

(16) Charge B, refused the defendant, required too high a degree of proof by the plaintiff; she did not have to prove her title beyond a reasonable doubt.

Charge C, refused the defendant, was fully covered by his given charges.

Charge D, refused the defendant, was bad.

Charges E and F, refused the defendant, are faulty.

(17) As stated in the first part of this opinion, proof of the ownership of the land by the ancestor and that plaintiff was his sole heir made out a prima facie case, and, if the defendant relied upon a break in the transmission of the title by descent— that is, that it was exempt and not subject to the law of descents and distributions—the burden was upon him to show the exception to the rule.—21 Cyc. 487.

(18) The trial court did not commit reversible error in refusing the new trial, as there was no reversible error upon the main trial, and we are not persuaded that the verdict of the jury was contrary to the weight of evidence either as to the plaintiff's right to recover or the amount of rental damages. The defendant seems to have been in possession of the land for at least four years, and there was evidence that it was worth $100 per year, and this was not disputed by the defendant's proof. Moreover, there was much proof as to the character and value of the land, and the jury could have well looked to these facts as an aid in determining the rental value of the land.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.