## ST. LOUIS, B. & M. RY. CO. v. GREEN.
## (No. 7380.)

(Court of Civil Appeals of Texas. Galveston. May 30, 1917.)

1. LIMITATION OF ACTIONS ⬤⟜127(17) — AMENDMENT OF PETITION — NEW CAUSE OF ACTION.

Where plaintiff's original petition was against a railway company and its receiver for construction of a side track and parking of locomotives in front of plaintiff's residence, an amended petition, complaining of the same actions, but against the railway company alone, did not set up a new or different cause of action so as to make applicable the plea of limitation.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 545.]

2. RAILROADS ⬤⟜114(1)—CONSTRUCTION AND MAINTENANCE — INJURY TO PROPERTY — PLEADING—"MARKET VALUE."

In action against a railway company for injury to plaintiff's property resulting from maintenance of side track, it was proper to plead the peculiar value of the land as residence property as showing its "market value," which includes its value for any use to which property may be put, and if by reason of its surroundings or its intrinsic character it is peculiarly adapted to some particular use, all circumstances which make up this adaptability may be considered.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 368.

For other definitions, see Words and Phrases, First and Second Series, Market Value.]

3. RAILROADS ⬤⟜114(1) — CONSTRUCTION AND MAINTENANCE — INJURY TO PROPERTY — PLEADING.

In action against a railway company for injury to plaintiff's residence property resulting from maintenance of side track, it was improper to plead that plaintiff was a man of limited means, and that the property was the pride of

himself and family; such language being calculated to appeal to the sympathy of the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 368.]

4. APPEAL AND ERROR ⚖️1039(4)—HARMLESS ERROR—PLEADING—CURE BY VERDICT.

The use of improper language in a pleading will not call for reversal, where from the verdict it does not appear that the jury were prejudiced.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4077.]

5. RAILROADS ⚖️114(2) — CONSTRUCTION AND MAINTENANCE — INJURY TO PROPERTY — EFFECT OF RECEIVERSHIP—ADMISSION OF EVIDENCE.

There was no error in permitting testimony of damage done to plaintiff's premises by reason of parking of live oil burning locomotives in close proximity to his dwelling house and by construction of side track prior to appointment of receiver of railway company, where jury were instructed not to consider anything done subsequent to appointment of receiver.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 369.]

6. EVIDENCE ⚖️113(8) — MARKET VALUE OF PROPERTY.

In an action against a railway company for injuries to plaintiff's residence property resulting from construction and maintenance of side tracks, it was proper to allow plaintiff to testify as to amount paid for building the residence, since it assisted the jury in arriving at the market value of the property.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 271, 272.]

7. EMINENT DOMAIN ⚖️203(2) — EVIDENCE — VALUE OF PROPERTY—DEPRECIATION.

In action against a railway company for injury to plaintiff's residence property resulting from maintenance of side track, testimony as to market value of plaintiff's property, including improvements just prior to acts complained of and immediately after such acts, was admissible.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 542.]

8. APPEAL AND ERROR ⚖️742(2) — ASSIGNMENTS OF ERROR—COMPLIANCE WITH RULES.

Assignments of error will not be considered where they are multifarious and where a brief statement of the proceedings or parts thereof contained in the record necessary to explain and support the propositions was not subjoined to the propositions as required by Court of Civil Appeals rules 29 and 31 (142 S. W. xii).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000.]

9. TRIAL ⚖️260(1)—REFUSAL OF CHARGE COVERED BY GENERAL CHARGE.

There was no error in refusing to submit requested special charges, where the general charge sufficiently covered matters in question.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651.]

10. TRIAL ⚖️125(2)—ARGUMENT OF COUNSEL —APPEAL TO SYMPATHY.

In action against a railway counsel's argument to jury that, "You would have stood out there with a shotgun and stopped them from building that side track," and stating that plaintiff, being a "nigger," had to submit to it, was improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 304.]

11. APPEAL AND ERROR ⚖️1060(4)—HARMLESS ERROR—IMPROPER ARGUMENT.

Although counsel's argument to the jury was improper, it will not call for reversal, where it does not appear that the language caused the jury to render an improper verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135.]

12. EMINENT DOMAIN ⚖️203(2) — VALUE OF PROPERTY—DEPRECIATION.

In an action against a railway company, evidence that construction of the side track and that oil burning locomotives were parked near the residence was admissible only to aid jury in determining depreciation in market value of premises, and not for the purpose of showing the discomforts caused to plaintiff as distinguished from depreciation in property value.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 542.]

13. EMINENT DOMAIN ⚖️104 — MAINTENANCE OF RAILWAY—DAMAGES RECOVERABLE—DISCOMFORT.

The discomfort caused to owners of property as distinguished from depreciation in property value is only recoverable when resulting from improper location or operation of railway tracks, constituting nuisances.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 278–281.]

14. RAILROADS ⚖️114(1)—CONSTRUCTION AND MAINTENANCE — ISSUES, PROOF, AND VARIANCE.

Where plaintiff did not allege the operation of defendant's railway in such a manner as to constitute a nuisance, he could not recover for discomforts resulting therefrom.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 368.]

Appeal from District Court, Matagorda County; Samuel J. Styles, Judge.

Suit by George Green against the St. Louis, Brownsville & Mexico Railway Company and another. Judgment for plaintiff, and defendant named appeals. Reformed and affirmed.

See, also, 183 S. W. 829.

Gaines & Corbett, of Bay City, Claude Pollard, of Houston, and E. H. Crenshaw, Jr., of Kingsville, for appellant. W. C. Carpenter, of Bay City, for appellee.

LANE, J. This suit was instituted by George Green against the St. Louis, Brownsville & Mexico Railway Company and Frank Andrews, receiver, on the 5th day of March, 1914, and for cause of action he alleged in his original petition, in substance: That plaintiff is the owner of lot No. 12, in block 27, of the town of Bay City, Tex., upon which he had constructed a two-story dwelling house, expecting to make the same his home, that about the year 1904, the defendant company constructed its main line along First street in said town of Bay City, opposite plaintiff's property, and that in the latter part of the year 1912 the defendant company imposed an additional servitude upon said First street, by the construction of a side or switch track, and by such additional servitude destroyed the use of said First street. Plaintiff furthermore alleged that the tracks of the defendant company are elevated as

much as 3 feet above the level of plaintiff's premises, creating a dam and obstructing the drainage of water, and causing the water from ordinary rainfall to be impounded, dammed up, and to stand upon the plaintiff's premises; further alleging that the defendant had failed to provide any means for the draining of water across or under its roadbed, to plaintiff's damage in the sum of $500. So much for the allegations against the defendant railway company alone. The plaintiff then alleged that both of the defendants used the said side track as a place to park locomotives at night, in close proximity to plaintiff's premises, creating offensive smells and odors, to plaintiff's damage in the sum of $1,000. Plaintiff then alleged that such use of said side track by both of the defendants has rendered his property uninhabitable, and had depreciated the value of the same at least one-half. The court charged the jury to find a verdict for the defendant Frank Andrews, receiver, and submitted for the consideration of the jury the question of the railway company's liability only, and the jury returned a verdict in favor of the plaintiff for $500 against the railway company, and judgment was duly entered thereon. On appeal from that judgment this court reversed the judgment and remanded the cause for another trial, and it is now before this court on second appeal.

After said cause had been remanded for another trial, plaintiff, on the 19th day of June, 1916, filed his amended petition in lieu of his original petition, wherein he sues the railway company alone, and therein, among other necessary things, he alleges that about the month of September, 1912, without the consent of plaintiff, and without condemning the same in the manner prescribed by law, defendant entered upon said First street and constructed a side or switch track between its main track and plaintiff's said premises, from a point west of the western boundary of said city to a point east of plaintiff's said residence, and to secure dirt for its dump, or roadbed, excavated the earth from the rest of the street and from the sidewalk along the entire south side of said residence to within 18 or 24 inches of plaintiff's said lot, and thereby destroyed the use of said First street for plaintiff and the general public, and appropriated it to the exclusive use of defendant; that in the construction of said side track defendant raised the roadbed to at least 2½ or 3 feet above the elevation of plaintiff's said lot, and provided for no outlet of the water from the natural rainfall across or under said track; that the natural flow of the surface water in that portion of the said city of Bay City is to the southward and across defendant's said railroad, and that all the water which flowed down said Avenue B formerly passed in front of plaintiff's said lot and residence and down a ditch along said main track; but in the construction of

said side track said ditch was filled up and no other outlet provided for the said surface water, and as a consequence thereof the waters from ordinary rainfalls were held back, dammed up, and impounded upon plaintiff's said lot, from one to several inches deep, and for days at a time, or until it was taken up by evaporation; that said acts of defendant were without warrant of law, oppressive, ruthless, and unjust to plaintiff, and done with a total disregard of plaintiff's rights, and was a taking of, or damaging plaintiff's private property for public use without adequate compensation, and was and is in violation of section 17, art. 1, of the state Constitution, and has depreciated the market value of plaintiff's said property at least 50 per cent. of its said value, to plaintiff's damage, $500.

Plaintiff further alleged that after the construction of said track defendant used the same upon which to park cars and locomotives, and often, at night, it would park or bed live oil burning locomotives, as many as two or three at a time, immediately opposite plaintiff's said residence and in close proximity thereto, and allow them to stand there all, or a greater part, of the night; that said locomotives used crude petroleum for fuel, and in order to supply it to the furnace used fans, or blowers, with which to feed the flames; that said blowers made loud, disagreeable, and uncanny noises, and the burning oil emits noxious and disagreeable odors, and the locomotives vibrate violently when being fired or steamed up, causing plaintiff's said house to vibrate to the extent of causing his window panes to fall out of the frames and break to pieces; that such combination of circumstances annoyed and harassed plaintiff and his family, disturbed their slumbers at night, and rendered, and does render, said house undesirable as a home, and operates to plaintiff's further damage in the sum of $500.

Defendant answers by general demurrer and by special exception to the cause of action set up by plaintiff's amended petition, and says: First, it is a new and different cause of action from that alleged in plaintiff's original petition, and that it is shown upon the face of the amended petition that the cause of action therein alleged was one in which recovery was sought against the railway company and Frank Andrews, receiver, for permanent damages alleged to have been done to his property by the acts of both of said parties, while the amended petition seeks to recover only against the railway company on account of damages for depreciation in value of his said property by reason of the construction of improvements said to have been made by the railway company in September, 1912; and, second, that it is shown upon the face of the amended petition that the cause of action therein alleged is barred by the statute of limitation of two

years, in that it is alleged that said cause of action occurred in September, 1912, and is asserted for the first time by the amended petition filed June 19, 1916.

Defendant further answers by general denial and by special plea as follows:

"This defendant further represents to the court that on or about the 5th day of January, A. D. 1913, the St. Louis, Brownsville & Mexico Railway Company was placed in the hands of a receiver, and was operated by said receiver until a very recent date, and this defendant is not responsible for any of the acts, either of omission or commission, of the said receiver, in the operation of said railway system, and this defendant here now pleads such fact in bar of the plaintiff's right to recover herein for any injury accruing to plaintiff after the 5th day of July, 1913.

"This defendant further represents to the court that the cause of action set up by the plaintiff accrued more than two years before the filing of this suit, and before the filing of plaintiff's first amended original petition, and is therefore barred by the statutes of limitation of the state of Texas, which this defendant here now pleads in bar of the plaintiff's right to recover herein."

The case was tried with a jury who, in answer to special issues submitted to them, found that the market value of plaintiff's property was depreciated in the sum of $400 by reason of the construction of a side track near said property by defendant in 1912; they also found that the defendant railway company, after it constructed said side track in September, 1912, and before July 5, 1913, the date of the appointment of Frank Andrews as receiver of its properties, did park and leave standing on said side track at night in close proximity to plaintiff's residence, live oil burning locomotives, which rendered plaintiff's house less enjoyable as a home than it was just before such acts. They also found that plaintiff had suffered inconvenience and disturbance by reason of the parking and standing on said side track of said oil burning locomotives, prior to July 5, 1913, to his further damage in the sum of $100.

Upon the findings of the jury the court rendered judgment for plaintiff against defendant for the sum of $400 as damages for the depreciated value of his property, by reason of the construction of the side track, and for the further sum of $100 as damages for the annoyances and discomforts suffered by him and his family, by reason of parking oil burning locomotives on said side track at night in close proximity to his residence. From this judgment defendant has appealed.

[1] The effect of assignments 2 and 3 is to insist that it is shown that by the original petition filed herein on the 5th day of March, 1914, plaintiff sued to recover for damages alleged to have resulted to his residence from the construction of a certain side track near said residence by the defendant railway company, and the joint use of the same by defendant and Frank Andrews, receiver, and that by the amended petition, upon which plaintiff went to trial, filed herein on the 19th day of June, 1916, more than two years after the accrual of the cause of action alleged therein, as shown upon the face thereof, plaintiff sues to recover from defendant only for damages resulting to his residence from the construction and use of the same side track, by defendant only, from September, 1912, to the 5th day of July, 1913, at which time Frank Andrews was appointed receiver of the properties of defendant; it being insisted that by the amended petition a different and new cause of action from that sued upon in the original petition is set up, and that as it is shown upon the face of said amended petiton that the cause of action therein alleged was barred by the statute of limitation at the time said petition was filed, the court erred in not sustaining defendant's special exceptions 2 and 3. There is no merit in this contention, and we therefore overrule the same.

The construction of the side track in September, 1912, and the parking of locomotives thereon, were complained of in the original petition filed March 5, 1914. The amended petition, filed June 19, 1916, complains of the construction of the same side track, and also of the parking of the said locomotives up to the 5th day of July, 1913, the date of Frank Andrews' appointment as receiver. The filing of the amended petition by which the defendant, alone, was sued, after the judgment of the trial court had been reversed and remanded, so as to abandon the suit against Frank Andrews, receiver, did not constitute the setting up of a new or different cause of action against defendant from that alleged in the original petition, so as to make the plea of limitation apply to the cause of action asserted against defendant by the amended petition. Texas Midland Ry. Co. v. Cardwell, 67 S. W. 157; Baker v. Railway Co., 184 S. W. 257; Orange Mill-Supply Co. v. Goodman, 56 S. W. 700.

[2-4] By the fourth and fifth assignments it is insisted that the court erred in not sustaining defendant's third and fourth special exceptions to that part of plaintiff's petition reading as follows:

"That prior to the acts of defendant, hereinafter complained of, plaintiff being the head of a family and without a home of his own, purchased for the purpose of improving it as a homestead for himself and family lot No. 12, in block No. 27, of said city, which is a southeast corner lot, and, being remote from the business section of said city, is peculiarly and only valuable as a residence lot; that said lot faces 50 feet on Avenue B and runs back along First street between parallel lines 40 feet to a 20-foot alley, thereby giving him a frontage on said First street of 140 feet. That subsequent to his said purchase of said lot plaintiff did erect thereon a dwelling house for himself and family, into which he removed upon its completion, and has lived therein ever since said date with his family, it being their only home. * * * That on the 21st day of July, 1909, a destructive Gulf storm demolished plaintiff's residence on said lot and shortly thereafterwards plaintiff, at great sacrifice, he being a man of limited means, erected an unusually nice residence for people in his walk and station of life upon said lot, which was

the pride of himself and family, and where they hoped to live in peace and comfort the rest of their days; the said house being a two-story framed, weather-boarded, ceiled and papered inside, with a shingle roof, and painted throughout the house."

Appellant's contention is that the matters alleged in the paragraphs complained of are not elements from which the measure of damages can be estimated, and the effect of such allegations is to prejudice the jury against defendant, and therefore should have been stricken out upon defendant's exception thereto. We cannot sustain appellant's contention. It will be noted that plaintiff alleged that his premises were situated in a part of the city of the Bay City remote from the business section of said city, and are peculiarily and only valuable as residence property. In the case of Boyer & Lucas v. Railway Co., 97 Tex. 107, 76 S. W. 441, Judge Williams, speaking for the Supreme Court, said:

"The market value of property includes its value for any use to which it may be put. If, by reason of its surroundings * * * or its intrinsic character, it is peculiarly adapted to some particular use, all the circumstances which make up this adaptability may be shown, and the fact of such adaptation may be taken into consideration in estimating the compensation."

See Railway Co. v. Scurlock, 97 Tex. 305, 78 S. W. 490.

If, then, it is admissible to prove and consider all the matters and circumstances tending to show the peculiar adaptability of the premises in fixing its value, it can hardly be contended that such matters may not properly be pleaded. While the language used in the second section of the plea complained of is improper and calculated to appeal to the sympathy of the jury, in view of the amount of the verdict we do not think that it was reasonably calculated to, or probably did, cause the jury to render an improper or excessive verdict; therefore we do not feel justified in reversing the judgment rendered because of such improper and profuse allegations.

[5] The court did not err in permitting testimony tending to prove damages done to plaintiff's premises, prior to July 5, 1913, by reason of the parking of live oil burning locomotives in close proximity to his dwelling house, and to prove damages caused by reason of the construction of the side track in 1912 near his residence in such manner as to cause water to flood his premises, etc. Especially in view of the fact that the court instructed the jury—

"not to consider anything done by defendant or any one else subsequent to July 5, 1913 [the date upon which the receiver was appointed], in arriving at their estimate of the damages, if any they should find."

We therefore overrule the sixth, seventh, and eighth assignments.

[6] We think the trial court properly permitted the plaintiff to testify that about three or four years before the alleged damages to his premises occurred, he built his residence at a cost to him of $1,000. We discussed this matter in an opinion in this case on a former appeal (183 S. W. 830), and will not further discuss the same here.

[7] We overrule the eleventh assignment. The testimony of the witness Swansey as to the market value of plaintiff's property, including his improvements, just prior to the construction and use of the side track complained of, and its value after such construction and use, was admissible.

[8] The twelfth assignment is as follows:

"The court erred in its general charge to the jury for the reasons set forth in defendant's bill of exception to the court's charge to the jury."

This assignment is followed by nine separate propositions, one following the other in regular order, each presenting objection to different paragraphs of the court's charge, and these several propositions are followed by one general statement only, which contains the several objections urged to the entire charge of the court before the same was submitted to the jury.

We decline to consider the assignment presented in this manner, because it is multifarious, and does not conform to rules 29 and 31 for Courts of Civil Appeals (142 S. W. xii). There is not subjoined to each of the propositions a brief statement, in substance, of such proceedings, or parts thereof, contained in the record, as is necessary and sufficient to explain and support the propositions with reference to the pages of the record, as is required by rule 31, supra.

We shall, however, under other assignments, discuss the matters presented by the seventh, eighth, and ninth propositions under this assignment.

[9] Assignments 13, 14, 15, and 16 complain of the refusal of the trial court to submit to the jury appellant's special charges 1 and 2, and its special issues Nos. 1 and 2. We overrule these assignments. The general charge of the court sufficiently presented to the jury such matters embraced in said special charges as should have been submitted to them.

[10, 11] The seventeenth assignment insists that the court erred in permitting counsel for plaintiff, in his closing argument, over the objection of defendant, to use the following language:

"Now, gentlemen of the jury, what would you do if this was your property instead of the property of this nigger? You would have stood out there with a shotgun and stopped them from building that side track, if you could not do it otherwise, but this nigger, because he was a nigger, had to stand there like a sheep and submit to it. Some of you gentlemen live in town and know what the value of a corner lot is, and know how disagreeable it is to have a railroad run by your house, and it is your duty to see that this nigger is paid for the damages caused him."

The argument complained of was improper and should not have been made, and the trial court should have stopped counsel when appealed to by plaintiff, and should have in-

structed the jury not to consider such argument in arriving at their verdict. We do not think, however, that the argument complained of was reasonably calculated to cause, or probably did cause, the jury to render an improper verdict. So believing, we do not feel warranted in punishing appellee, by a reversal of the judgment in his favor, because of the improper argument of his counsel.

By the eighteenth and nineteenth assignments it is, in effect, insisting that the principal injury complained of by plaintiff occurred by reason of the use of the side track complained of for the parking of live oil burning locomotives near his residence, and that the proof showed that plaintiff's cause of action accrued in September, 1912; that the properties of defendant were placed in the possession and under the control of the receiver on the 5th day of July, 1913; that a part of the damages complained of occurred subsequent to the appointment of said receiver, and while such receiver was operating said properties, and therefore the court erred in permitting a recovery against' defendant for such injuries as were caused to appellee's premises by the acts of the receiver. There is no merit in such contention. Appellee alleged that the side track was constructed in September, 1912; that by such construction of the side track and the use of the same for parking live oil burning locomotives, near his residence, from September, 1912, to July 5, 1913, his premises were depreciated in value in the sum of $500. The court instructed the jury:

"That any damages that the plaintiff may have received, if any, should be limited to such damages only, if any, as accrued to the plaintiff's property by reason of the acts complained of * * * prior to July 5, 1913."

There was sufficient evidence to support the finding that he suffered the damages alleged prior to July 5, 1913. The assignments are overruled.

By the twentieth and twenty-first assignments it is insisted that the court erred in rendering judgment against defendant for the sum of $100 for inconvenience and disturbance suffered by plaintiff and his family, in the use and enjoyment of his home, by reason of the construction and use of said side track, independent of the $400 adjudged against it for the depreciation in the market value of his premises, because under the pleading plaintiff could recover only for the depreciation in the market value of his premises, which the jury found under proper instructions to be $400 only. We think the contention here made should be sustained.

[12] Evidence that defendant negligently constructed its side track within a few feet of plaintiff's residence, in such manner as to cause his premises to be flooded, and that live oil burning locomotives were parked near said residence, was admissible only for the purpose of aiding the jury trying the case in determining what was the depreciation in the market value of plaintiff's premises by reason of such acts on the part of defendant.

[13, 14] The discomforts caused to owners of property, as distinguished from depreciation in property value, protected by the Constitution, is only recoverable when resulting from improper location or operation of railway tracks, constituting nuisances; and, there being no allegation that defendant operated its side track in such manner as to constitute a nuisance, plaintiff should not be permitted to recover for discomforts. Houston, B. & T. Ry. Co. v. Wilson, 165 S. W. 560, and authorities cited; Railway Co. v. Shaw, 99 Tex. 559, 92 S. W. 30, 6 L. R. A. (N. S.) 245, 122 Am. St. Rep. 663; Railway Co. v. Scurlock, 97 Tex. 308, 78 S. W. 490.

After considering all of appellant's assignments we have reached the conclusion that so much of the judgment of the trial court as adjudged to appellee the sum of $400 against appellant for the depreciation in the value of appellee's property should be affirmed, and that so much of such judgment as decreed a recovery in favor of appellee against appellant for the sum of $100 for the inconvenience and disturbance suffered by appellee and his family by reason of the acts complained of should be reversed. Therefore the judgment of the trial court is reformed, and judgment is here rendered for appellee against appellant for the sum of $400.

Reformed and affirmed.