(124 So. 418)

**E. D. LANFORD CO. v. BUCK.**   (7 Div. 903.)

Supreme Court of Alabama.   Nov. 7, 1929.

E. O. McCord & Son, of Gadsden, for appellee.

SAYRE, J. Plaintiff (appellee) claimed a balance due to him for commissions earned by him as a salesman for defendant who was engaged in the automobile business. Plaintiff also claimed $65 as a prize offered by defendant to the salesman selling the most cars for a period to end June 17, 1927. Early in June a controversy arose between the parties as to a commission plaintiff claimed to have earned by the sale of a car to one Ledlow. On June 10th plaintiff was discharged. Hence this suit.

Plaintiff claimed salary at the agreed amount per month for the whole of the month of June on the theory that he had been wrongfully discharged, balances on commissions earned in March and May, the prize of $65, to which we have referred above, and a prize of $100 offered by Dodge Bros., manufacturers represented by defendant. The item of $100 prize was eliminated by the general charge as to it given at defendant's request. But the amount of the verdict returned by the jury would indicate that plaintiff was allowed to recover the item of the $65 prize. Dayton Howard, a witness called by plaintiff, was permitted, over defendant's objection, to testify that he was the next highest man in the prize contest when Buck (plaintiff) quit— so plaintiff framed the question to the witness —that "he" (meaning defendant, as we understand) had witness' picture made and sent to Atlanta at the end of the contest; but that he had not been paid the prize money. The last-named matter of complaint as to the witness' testimony, as we have stated the several matters here under consideration, was clearly not well taken. Plaintiff was entitled to show that he had not been paid the $65 prize. Our judgment as to the other items, viz., that witness was next highest man and that his picture had been sent to Atlanta, looked,

Goodhue & Lusk, of Gadsden, for appellant.

192

though very indecisively, it must be conceded, to the same result. But, if the irrelevancy of these two items of evidence be conceded, no harm was done for the reason that defendant did not claim to have paid to plaintiff the item of $65. Defendant's contention was that plaintiff had not earned the prize. The only proper issue was whether plaintiff had earned the prize, and the evidence here in question, on the stated concession, was so inconsequential as not to afford a proper ground of reversal.

Appellant, defendant, excepted to portions of the court's oral charge as indicated by assignments of error 9, 10 and 11, which are shown in the report of the case. The sum and substances of these instructions was that, if defendant refused to pay plaintiff certain commissions which plaintiff had earned, then plaintiff was entitled at that time, June 10th, to quit the service of defendant and recover, nevertheless, his salary for the rest of that month. The contract between the parties provided for the payment of a sum certain per month and a percentage on sales made in addition. This, without more, will be accepted as in the nature of distinct contracts, and an action of debt for each monthly wage (and percentage earned, if any) will lie as it becomes due. Davis v. Preston, 6 Ala. 85. Plaintiff, in conclusion, testified in effect, that at the end of his controversy with Lanford concerning the commission on the sale to Ledlow, he informed Lanford that at the end of the month, after the contest for the prize money was over, he would quit the service, whereupon Lanford, without conceding plaintiff's right to the commission in question, said to plaintiff that he (Lanford) would have to let him go—in effect discharged him. According to the principle stated above on the authority of Davis v. Preston, plaintiff's statement that he would quit at the end of the then current month was not a breach of his contract, and if Lanford, without just cause or good excuse to be determined by the jury, then—June 10th—discharged plaintiff, the latter was entitled to his month's salary, provided of course he did not find employment elsewhere—as to which proviso no contention was suggested in the trial court. The several exceptions reserved to the court's oral charge furnish no just ground of reversal.

Charge 3, refused to defendant, correctly stated the law. Of course the consideration moving defendant to offer the $65 prize was that plaintiff would serve as salesman during the period in which the prize was to be earned, and if, short of the expiration of that period, the conduct of plaintiff justified his discharge, if—to state the hypothesis with a view to the tendencies of defendant's evidence —plaintiff, in order to swell his earnings and increase his chance for the prize, insisted on commissions for a sale to which he was not entitled—was, as defendant claimed, disloyal to his employer—then defendant had a right to discharge him pending the period of the contest and he (plaintiff) thereby lost his chance to win the prize. But the refusal of this charge cannot work a reversal, for the reason that the jury, under instructions involving the same principle of law (charges 4, 5, and 6), found for plaintiff on the claim for salary or commissions.

The last preceding paragraph has been written on the theory that the $65 prize money is to be considered and treated as a part of plaintiff's agreed compensation notwithstanding his right to it depended upon his leadership of defendant's salesmen during the period of the contest. His right was affected by the condition named, viz., that he sell more cars than any other salesman, but the contract between the parties, though affected by that condition, if executed in good faith on both hands, operated to the advantage of defendant as well as plaintiff. At the time of the breach, plaintiff's name, according to his testimony, led all the rest—indeed, there was no dispute as to that. Nor was there any fact in evidence tending to establish a change in this order. If there had been a change, the probative facts lay within the peculiar knowledge of defendant and should have been exhibited by him. We conclude, on the ground heretofore stated, that the refusal of the charge in question ought not to be held for reversible error.

The jury, after considering the case for some time, requested information as to plaintiff's testimony in one particular, viz., whether plaintiff, at the time of the controversy between himself and defendant—so we have spoken of Lanford—had told Lanford that he would quit his service on June 17th or July 1st. This, as we have indicated, was one of the questions upon which the result turned. The court directed its stenographer to read the testimony on that point. Defendant excepted and urges this procedure for error. Prima facie the stenographer's notes were correct. Defendant made no suggestion to the contrary. In the absence of some such suggestion, there was no error in allowing the stenographer to read to the jury the desired extract from plaintiff's testimony. This identical question was so decided without comment in Landers v. Hayes, 196 Ala. 537, 72 So. 106.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.