108 So.2d 168

Louise E. IVERSON

v.

Eugene PHILLIPS.

6 Div. 242.

Supreme Court of Alabama.

Jan. 8, 1959.

Mead & Norman and Marshall H. Fitzpatrick, Birmingham, for appellant.

Hogan & Callaway, Birmingham, for appellee.

LAWSON, Justice.

This suit was brought in the Circuit Court of Jefferson County by Eugene Phillips against Mrs. Louise E. Iverson to recover damages for personal injuries which resulted from a collision of an automobile in which the plaintiff alleged he was riding as a passenger and an automobile driven by the defendant.

The case went to the jury upon Count 1 of the complaint, which charged simple negligence, and the defendant's plea of the general issue in short by consent in the usual form. The verdict of the jury was in favor of the plaintiff and against the defendant in the amount of $4,000. Judgment was in accord with the verdict. The motion for new trial filed by the defendant having been overruled, she has appealed to this court.

Much of appellant's brief is devoted to the argument of Assignment of Error 9, which reads: "The judgment of the Court is contrary to the great weight of the evidence." This assignment presents nothing for review. It does not allege error for failure to grant the motion for new trial, nor does it allege error by the trial court in any respect. Only adverse rulings of the trial court are subject to an assignment of error on appeal from a judgment in a civil case based on a jury verdict. Morris v. Yancey, 267 Ala. 657, 104 So.2d 553. See Bertolla v. Kaiser, 267 Ala. 435, 103 So.2d 736; Thompson v. State, 267 Ala. 22, 99 So.2d 198; Mulkin v. McDonough Construction Co. of Georgia, 266 Ala. 281, 95 So.2d 921; Clark v. Hudson, 265 Ala. 630, 93 So.2d 138; King v. Jackson, 264 Ala. 339, 87 So.2d 623; Central of Georgia R. Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290; Life & Casualty Ins. Co. of Tennessee v. Womack, 228 Ala. 70, 151 So. 880.

However, Assignment of Error 4, which is to the effect that the trial court erred in overruling the defendant's motion for a new trial, is sufficient to present for our consideration the argument in her brief directed to those grounds of the motion which challenge the sufficiency of the evidence to support the verdict. Mulkin v. McDonough Const. Co., supra.

The collision occurred at approximately nine o'clock on the morning of October 23, 1957, within the intersection of 14th Street and 9th Avenue in the City of Birmingham. The plaintiff, a Negro, was in an automobile owned by another Negro, Roy Bennett, which at the time of the collision was moving in a westerly direction on 9th Avenue. The automobile driven by

the defendant, a white woman, was moving in a northerly direction on 14th Street. The intersection is a "blind one" in a residential section within the meaning of the ordinances of the City of Birmingham. Traffic at the intersection was not controlled by any stop sign or traffic signal.

The evidence was in sharp dispute. The plaintiff's evidence is to the effect that he was riding as a passenger in the automobile driven by Bennett, while one of the defendant's witnesses testified that plaintiff was the driver of Bennett's automobile. The defendant adduced testimony tending to show that plaintiff and Bennett had been drinking shortly before the accident. Plaintiff's evidence was to the effect that neither he nor Bennett had consumed any intoxicating beverage for several hours prior to the time of the accident. Evidence offered by the plaintiff was to the effect that the automobile in which he was riding was brought to a stop before entering the intersection and that it entered the intersection before the car driven by the defendant. It was without dispute that the front of defendant's car hit the left front door of the Bennett automobile and that the last-mentioned vehicle came to rest up against a post located near a sidewalk on the northwest corner of the intersection. The defendant offered evidence tending to show that her car entered the intersection first; that the Bennett car did not stop before entering the intersection, but on the contrary continued therein at such a fast rate of speed as to run in front of defendant's car after it had entered the intersection. The evidence was also in sharp dispute as to the rate of speed at which the car driven by the defendant entered the intersection. There was evidence for the plaintiff tending to show that its speed was as much as forty miles an hour, while the evidence for the defendant showed a much slower rate of speed.

There was ample testimony, if believed by the jury, to support a verdict for the plaintiff on the theory that the collision proximately resulted from defendant's negligence in driving at a rate of speed in excess of the maximum speed limit prescribed by the laws of the State of Alabama and the ordinances of the City of Birmingham and in failing to yield the right of way to the Bennett car. In addition, there was evidence tending to show that the car driven by defendant entered the intersection on the wrong side of the street. And certain it is that the evidence supports a finding that the plaintiff was not guilty of contributory negligence which proximately contributed to his injuries.

The rules governing our review of a judgment denying a motion for a new trial have been frequently stated and should be well understood. It is not our function to decide what we might have done in the first instance had we been sitting as a jury hearing the facts. To authorize our reversal of such a judgment, we must be convinced that the weight of the evidence was so decidedly against the verdict as to convince the impartial mind that it was manifestly wrong and unjust. Pacific Fire Ins. Co. v. Overton, 256 Ala. 400, 55 So.2d 123. In that connection we have said: " * * * When such a motion is denied by the trial court, and the verdict is largely dependent upon the credibility of the witnesses, to reverse the judgment on that motion the weight of the evidence must be so strong that there can be no reasonable doubt but that the verdict was the result of passion, prejudice, bias, favor, or some other motive which should not be controlling. Wolf v. Doe ex dem. Delage, 150 Ala. 445, 43 So. 856; Alabama Great Southern R. Co. v. Randle, 215 Ala. 535(4), 112 So. 112. The same is true in respect to matters in the discretion of the jury. Veitch v. Southern Railway, 220 Ala. 436, 126 So. 845." American Life Ins. Co. v. Williams, 234 Ala. 469, 175 So. 554, 556, 112 A.L.R. 1215.

And the refusal of the trial court to grant the motion for new trial adds verity to the propriety of the verdict and thereby strengthens the presumption in its favor.

Smith v. Smith, 254 Ala. 404, 48 So.2d 546; Pacific Fire Ins. Co. v. Overton, supra; Hamilton v. Browning, 257 Ala. 72, 54 So. 2d 530.

The jury who heard the evidence and saw the witnesses testify believed the plaintiff's explanation of how the accident occurred; the trial court likewise evidently accepted it and justified this belief by refusing a new trial; hence we feel constrained, in view of the well-recognized principles alluded to above, to affirm the action of the trial court in overruling the motion for a new trial.

■ Assignment of Error 5 reads: "The Court erred in overruling appellant's objections to questions posed by appellee seeking to show an admission on the part of appellant that appellee was a passenger in the automobile in which he was riding at the time of the collision, based on the contents of the complaint filed in a prior lawsuit arising from the same collision and involving a different plaintiff, as appears in the record beginning on page 240 with the question 'Now, you were present then here in this Courthouse on the 5th Floor in the Intermediate Civil Court when a suit was brought in the name of William B. Wright against Roy Bennett, weren't you?', and continuing through the Court's excusing the jury from the courtroom which occurs at the top of page 243 of the record, to which rulings objections were duly observed." This assignment of error may be too general to present any ruling of the trial court for our review. Morris v. Yancey, 267 Ala. 657, 104 So.2d 553, and cases cited; Jackson Lumber Co. v. Butler, 244 Ala. 348, 13 So.2d 294; Hall v. Pearce, 209 Ala. 397, 96 So. 608. Unquestionably the only ruling of the trial court which this assignment could possibly present for our consideration is the action of the trial court overruling the objection to the question set out in the assignment. The objection was interposed after the witness had answered the question, saying "I was present." The objection was overruled without error,

coming as it did after the witness had given a responsive answer to the question. Smith v. Lawson, 264 Ala. 389, 88 So.2d 322, and cases cited. See Tucker v. Tucker, 248 Ala. 602, 28 So.2d 637. Moreover, the answer of the witness standing alone could not have been injurious to the defendant. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

■ At the conclusion of the oral charge, counsel for defendant requested the trial court to orally instruct the jury to the effect that there is a duty on a passenger in an automobile to keep a lookout for his own safety. To that request the Court replied in the presence of the jury: " * * * I don't think I would specify that. I don't think there is any definite duty on a passenger. I mean, it might or might not depend on the circumstances." That statement is made the basis of Assignment of Error 7. There is no merit in that assignment. There is no absolute duty under all circumstances upon a passenger in an automobile to keep a constant lookout for sudden or unexpected dangers which may arise. 4 Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., § 2411; 61 C.J.S. Motor Vehicles § 488. The duty on a person riding in an automobile driven by another is to exercise reasonable or ordinary care to avoid injury, that is, to exercise such care as an ordinarily prudent person would exercise under like circumstances. Johnson v. Battles, 255 Ala. 624, 52 So.2d 702; Utility Trailer Works v. Phillips, 249 Ala. 61, 29 So.2d 289, and cases cited.

■ What we have said above in regard to Assignment of Error 7 is applicable to appellant's Assignment of Error 2, which is to the effect that the trial court erred in refusing to give at the appellant's request the following written charge: "W. I charge you that at the time of the accident, plaintiff was under a duty to keep a lookout for his own safety, and I further charge you that if you are reasonably satisfied from the evidence that plaintiff did not

keep a lookout for his safety, and that his failure so to do proximately contributed to his injuries, then you cannot find your verdict for the plaintiff."

■ The refusal of Charge Z is the basis of Assignment of Error 3. Any other comment aside, the refusal of that charge may be rested on the grounds that it is confusing and involved. The charge is so framed as to be subject to the construction that plaintiff could not recover even though Bennett, the driver, was free from any negligence contributing to the accident. See Petersen v. Abrams, 188 Or. 518, 216 P.2d 664; 4 Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., § 2453, at pp. 603 and 604.

■ The trial court might well have sustained a proper objection to the argument made by counsel for plaintiff which, in effect, asked the members of the jury to treat the Negro plaintiff in the same manner as they would treat a white plaintiff and thereby refute the charges made by "outsiders" that Negroes cannot get justice in the courts of this state. An argument calculated to create bias in jurors' minds in a litigant's favor should be avoided just as much as an argument designed to create prejudice against him. However, we do not feel inclined to say that any injury resulted to the defendant by this appeal. See Texas & N. O. R. Co. v. McCoy, 54 Tex. Civ.App. 278, 117 S.W. 446; St. Louis, B. & M. Ry. Co. v. Green, Tex.Civ.App., 196 S.W. 555. We hold that Assignment of Error 6 does not present a ground for reversal of the judgment of the trial court.

■ The jury, after considering the case for some time, requested information as to the testimony of Police Officer Wilhite, who was a witness for the defendant. The trial court advised that he could not undertake to summarize the testimony of the witness, and apparently entertained the view that it would be improper to permit the court reporter to read to the jury that part of Wilhite's testimony which related to the point of inquiry. The jury retired to begin reconsideration of the case after the trial court said: "Now, if you gentlemen can go back there I will see—I will check and see what, if anything, can be done in that respect. But that is the best answer I can give you." Thereupon counsel for defendant stated: "I would like an exception to the Court—an objection and exception to the Court's statement that if they will go back there that he will see what can be done." The statement of the Court set out above is the basis of Assignment of Error 8. It was discretionary with the trial court as to whether to permit the court reporter to read to the jury the desired extracts from Wilhite's testimony. Landers v. Hayes, 196 Ala. 533, 72 So. 106; Lanford Co. v. Buck, 220 Ala. 190, 124 So. 418. In sending the jury back to the jury room without permitting the testimony to be read and in failing to recall the jury for that purpose the trial court, in effect, declined the jury's request, a matter within its discretion. We can see no possible injury to the defendant from this action in that counsel for defendant apparently were unwilling for Wilhite's testimony to be read to the jury. Certain it is that the trial court was not advised that the defendant wanted the testimony to be read or was willing for it to be read.

We have given careful consideration to the assignments of error which have been argued in brief. We find no reversible error in any of them; hence the judgment of the trial court is due to be affirmed. It is so ordered.

Affirmed.

STAKELY, GOODWYN and MERRILL, JJ., concur.