Abelous **MAYEAUX** and Whitney J. **Roussell, Appellants,**

v.

**AMERICAN MUTUAL LIABILITY INSURANCE CORPORATION,**
Appellee.

No. 25881.

United States Court of Appeals
Fifth Circuit.
April 14, 1969.

C. Cyril Broussard, George M. Leppert, New Orleans, La., for appellants.

A. R. Christovich, New Orleans, La., Christovich & Kearney, New Orleans, La., of counsel, for appellee.

Before WISDOM, THORNBERRY and GOLDBERG, Circuit Judges.

THORNBERRY, Circuit Judge:

■ ■ Appellants instituted this diversity suit in the court below against American Mutual Liability Insurance Corporation under the Louisiana Direct Action statute, seeking to recover damages for injuries sustained by them in a collision between the automobile in which they were riding and a truck owned by the insured, Saia Motor Freight Truck Lines, Inc. Trial to a jury resulted in a verdict and judgment in favor of the defendant insurer. Appellants bring this appeal complaining, first, of the refusal of the trial court to allow a portion of the testimony of a witness to be read to the jury after they had retired for deliberation. The testimony requested by the jury was that of Sergeant Lee, the state police officer who conducted an investigation of the accident, and related to what Quenton Jones, another defense witness, had told Lee immediately following the accident. The trial judge denied the jury's request on the ground that reading back an isolated segment of the testimony would give such testimony undue emphasis. The decision to allow or disallow the reading of testimony to the jury is a matter vested within the sound discretion of the trial judge, and we cannot conclude that the refusal in this instance constituted an abuse of discretion. See generally Iverson v. Phillips, 1959, 268 Ala. 430, 108 So.2d 168, 173.

■ Appellants complain next of the refusal of the trial court to accept in evidence a series of colored slides made from photographs of the Roussell car

taken approximately four years after the accident. They also complain of the court's charge to the jury to disregard the testimony of appellants' expert, Mr. Ray Herd, based upon these slides. The trial judge excluded the slides on the ground that they constituted unreliable evidence of the condition of the car immediately after the accident. The judge reasoned that the car might have been damaged further when it was towed away or at any time during the next four years while it remained in a junk yard uncovered and exposed to the elements. The exclusion of the photographs tendered by the appellants is likewise a matter lying within the discretion of the trial court, Moore v. Louisville & Nashville Railroad Co., 5th Cir. 1955, 223 F.2d 214, 216, and no abuse of that discretion is shown in these circumstances where the trial judge had ample reason to discount the reliability of the proffered slides. See Georgia Southern & Florida Ry. Co. v. Perry, 5th Cir. 1964, 326 F.2d 921, 924. The court's cautionary instruction to the jury to disregard Mr. Herd's testimony relating to the excluded slides would seem a necessary device to effectuate its decision not to admit the slides into evidence. In any event, that claim of error is not properly subject to review inasmuch as appellants failed to lodge a timely objection to the instruction when it was given. Rule 51, Federal Rules of Civil Procedure; Burns v. Travelers Ins. Co., 5th Cir. 1965, 344 F.2d 70, 73.[1]

■ Finally, appellants complain of the failure of the trial court to restrict the testimony of Sergeant Lee, who was qualified by the defendant as an expert on traffic accidents. Rule 43 of the Federal Rules of Civil Procedure provides that evidence is admissible if it would be admissible under *either* federal statute, federal equity practice, or "the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held."[2] The testimony in question appears to be within the broad latitude given police officers in accident reconstruction testimony, see Brown v. Benjamin, La.Ct.App.1960, 120 So.2d 325, 327, and was properly admitted by the trial judge in the exercise of his discretion. *See also* Worden v. Tri-State Ins. Co., 10th Cir. 1965, 347 F.2d 336, 341; E. L. Farmer & Co. v. Hooks, 10th Cir. 1956, 239 F.2d 547, 553.

Accordingly, the judgment of the district court is hereby

Affirmed.

---

1. Failure of the appellants to lodge a timely objection likewise precludes our consideration of the charge as it bears on the weight to be given Mr. Herd's testimony based on his reconstruction of the accident when opposed to the testimony of witnesses based on their observations at the scene of the accident.

2. Rule 43(a) of the Federal Rules of Civil Procedure provides:

    (a) *Form and Admissibility.* In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules. All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made. The competency of a witness to testify shall be determined in like manner.