287 So.2d 233

Jerry **JENKINS**

v.

**STATE.**

**4 Div. 217.**

Court of Criminal Appeals of Alabama.

Dec. 4, 1973.

522

Charles L. Woods, Ozark, for appellant.

William J. Baxley, Atty. Gen., and Otis J. Goodwyn, Jr., Asst. Atty. Gen., for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

A jury found appellant-defendant guilty of selling amphetamine as charged in an indictment, to which he had pleaded not guilty. The trial court rendered judgment accordingly and sentenced him to imprisonment in the penitentiary for a period of five years.

The two major contentions of appellant are (1) that defendant's demurrer to the indictment should have been sustained by reason of the failure of the indictment to name or identify the person to whom the amphetamine was allegedly sold and (2) that the trial court should have permitted a reading to the jury of some of the testimony in the case, after the case had been submitted to the jury.

In pertinent part the indictment charged that defendant "did possess, sell, furnish, or give away Amphetamine, contrary to law, against the peace and dignity of the State of Alabama."

The demurrer to the indictment contained the following grounds:

"1. That it does not state facts sufficient to constitute a cause of action against this defendant.

2. That it is vague, indefinite and uncertain and does not apprise this defendant with sufficient certainty against what act or acts the defendant is called upon to defend.

3. That it is vague, indefinite and uncertain and does not apprise this defendant with sufficient certainty as to the time or times that defendant is alleged to have committed the criminal act or acts.
4. That it is vague, indefinite and uncertain and does not advise the accused

of the nature and cause of the accusation against him in order that he may meet the accusation and prepare for his trial."

Appellant takes the position that the indictment was defective in failing to identify the vendee of the drug and that grounds 1 and 4 of the demurrer "fully raise the point of omission of the name of the vendee and that by overruling this demurrer the trial court committed reversible error." Among other cases, appellant cites the opinions of both courts in Duin v. State, 47 Ala.App. 693, 260 So.2d 599, and 288 Ala. 329, 260 So.2d 602. In granting certiorari to review the decision of the Court of Criminal Appeals, the Supreme Court stated as follows:

"Here, the indictment was framed in the words of the statute applying to the alleged sale of marijuana and kindred items mentioned in the statute. The legislature has not prescribed a form for the indictment.

"In view of the statutory allegations in the indictment that substantially follow the language of the statute, we cannot agree with the Court of Criminal Appeals that the indictment, because the name of the vendee was omitted, would not support the judgment of conviction.

"Appellant did not demur to the indictment, or otherwise, by competent pleading, challenge its legal sufficiency. We, therefore, pretermit a determination as to what effect a demurrer raising omission of the name of the vendee would have had."

We must, and will gladly, follow the Supreme Court to the end of the road it has laid out for us.

Appellant candidly recognizes that no ground of demurrer to the indictment sets forth definitely that the indictment does not identify the buyer of the amphetamine but insists that, as the statute (Title 7, § 236, Code of Alabama 1940) abolishing general demurrers in civil causes at law does not apply to criminal pleadings (as held in King v. State, 45 Ala.App. 71, 224 So.2d 254), grounds 1 and 4 of the demurrer were sufficient to raise the point now made as to the claimed necessity for identification, by name or otherwise, of the vendee.

Whatever difference is to be found between the requirements of specificity of grounds of demurrer to an indictment and grounds of demurrer to a complaint in a civil case at law before adoption of Alabama Rules of Civil Procedure, we are not convinced that a demurrer that assigns no special or specific ground is sufficient to reach every conceivable defect in an indictment. We find no case to that effect. Indicating otherwise are Harris v. State, 248 Ala. 389, 27 So.2d 797; Flanigan v. State, 247 Ala. 642, 25 So.2d 685; Gray v. State, 30 Ala.App. 190, 6 So.2d 901. To hold that the grounds of demurrer asserted and relied upon on this appeal are sufficient would in effect be to hold that the statements therein are correct, which is not correct. According to the opinion of the Supreme Court in *Duin*, supra, it is not correct that the indictment "does not state facts sufficient to constitute a cause of action against this defendant." The Supreme Court in that case held otherwise. It held that the facts stated were sufficient to support a conviction. Notwithstanding the statement to the contrary contained in ground 4 of the demurrer in this case, it seems to us clear that the indictment does advise the accused of the nature and cause of the accusation. At any rate, no ground of demurrer has any definite relation whatever to the point that the name of the vendee of the amphetamine was not, and should have been, stated in the indictment. As to that point, the demurrer was no more efficacious than would have been a demurrer without any grounds. The action of the trial court in overruling such a demurrer does not justify a reversal.

 Appellant is correct in stating that the trial court may properly allow the court reporter to read to the jury the testimony of witnesses, when requested by the jury. Seaboard Sur. Co. v. William R. Phillips & Co., 279 Ala. 510, 187 S.2d 264. But the court is not required to allow the testimony to be read. Whether to do so is within the trial court's discretion. Iverson v. Phillips, 268 Ala. 430, 108 So.2d 168, 173. In that case it was stated:

". . . . [I]t was discretionary with the trial court as to whether to permit the court reporter to read to the jury the desired extracts from Wilhite's testimony. Landers v. Hayes, 196 Ala. 533, 72 So. 106; Lanford Co. v. Buck, 220 Ala. 190, 124 So. 418. In sending the jury back to the jury room without permitting the testimony to be read and in failing to recall the jury for that purpose the trial court, in effect, declined the jury's request, a matter within its discretion. We can see no possible injury to the defendant from this action in that counsel for defendant apparently were unwilling for Wilhite's testimony to be read to the jury. Certain it is that the trial court was not advised that the defendant wanted the testimony to be read or was willing for it to be read."

There is nothing in the record here to indicate that defendant wanted the testimony to be read or was willing for it to be read.

We have considered all of the insistences upon error in the brief of counsel for appellant, as well as the entire record as provided by Title 15, § 389, Code of Alabama 1940. We find no error prejudicial to defendant and conclude that the judgment of the trial court should be affirmed.

 The Supreme Court of Alabama in Adkins v. State, 291 Ala. 695, 287 So.2d 451, held that a demurrer was properly overruled to an indictment for selling marijuana, even though the demurrer specifically raised the point that the indictment omitted the name of the vendee. Thus the question pretermitted in *Duin* has been resolved, and we follow the extension of the road laid out by the Supreme Court and here hold that the indictment was not defective by reason of its failure to identify the vendee.

The foregoing opinion was prepared by Honorable LEIGH M. CLARK, Supernumerary Circuit Judge, serving as Judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All Judges concur.