# Girardino *v.* Bir. So. R. R. Co.

## *Damages for Setting Out Fire.*

(Decided January 23, 1913.   Rehearing denied February 14, 1913.
60 South. 871.)

1. *Appeal and Error; Finding by Trial Court; Review.*—Findings by the trial court in determining a motion for a new trial grounded on newly discovered testimony are presumptively correct and the burden is on the movant to show error.

2. *Same; Review; New Trial.*—Unless error is clearly shown the trial court will not be reversed for refusal to grant motion for a new trial.

3. *New Trial; Newly Discovered Evidence; Cumulative.*—Where a plaintiff was informed by the opening statement of the defendant that it expected to show as a defense to the action that the fire was set out and communicated from a trash pile in plaintiff's enclosure, and not from defendant's engine, and the plaintiff introduced evidence that there was no trash fire prior to the passage of defendant's engine, newly discovered evidence to rebut the existence of a fire from the trash pile was merely cumulative and did not furnish ground for a new trial.

4. *Same; Diligence.*—On a motion for a new trial grounded on newly discovered testimony the movant must not only show the materiality of the evidence, but it must also be made to appear that the failure to produce it on the original trial was not due to any lack of diligence on the part of the movant.

APPEAL from Birmingham City Court.

Heard before Hon. CHAS. W. FERGUSON.

Action by Frank Girardino against the Birmingham Southern Railroad Company for damages for setting fire to and destroying the building belonging to plaintiff.   Judgment for the defendant and the court having refused to set the same aside plaintiff appeals.   Affirmed.

ALLEN & BELL, for appellant.   The newly discovered evidence was sufficient ground for a motion for a new trial in this cause, unless the right to a new trial is merely an imaginary thing which has long since pass-

ed in the limbo of things that were, but are not.—*Cox
v. M. & G. R. R. Co.,* 44 Ala. 611; 29 Cyc. 881; 14 Ency.
of Pl. & Pr. 790; 48 Hun. 54; *West Va. Land Co. v.
May,* 166 Ala. 124; 69 N. W. 76; 29 Cyc. 885; 111 N.
W. 540; 46 S. W. 691.

PERCY, BENNERS & BURR, for appellee.    Refusal to
grant a new trial is not revisable unless error clearly
appears.—*Hall v. Clayton,* 59 South. 235; *Rentz v.
Bridges,* 59 South. 63; *Killian v. Killian,* 169 Ala. 499.
It must be shown, not only that the new evidence was
material, but that it was not produced through any want
of diligence on the part of the movant.—*Jernigan v.
Clark,* 134 Ala. 313; *McLeod v. Shelby M. & I. Co.,* 108
Ala. 81.    Plaintiff was apprised of the defenses by
statements of counsel for defendant and cannot plead
surprise.—*Simpson v. Golden,* 114 Ala. 336; *Haskins
v. Hight,* 95 Ala. 282.

DE GRAFFENRIED, J.—A building of Frank Gir-
ardino was destroyed by fire.    Just before the fire was
discovered, a locomotive of the Birmingham Southern
Railroad Company passed near the building.    The the-
ory of the said Frank Girardino who was the plain-
tiff in the court below, was that the servants of the said
railroad company (the defendant in the court below)
who were in charge of said locomotive, while acting
within the scope of their employment, so negligently
operated the said locomotive as to cause it to emit
sparks in dangerous and unusual quantities, thereby
setting fire to the building; or that, on account of the
improper equipment of the locomotive, sparks in un-
usual and dangerous quantities were emitted therefrom,
and that the building was, by such sparks so emitted
by the locomotive, set on fire and destroyed.    Upon the

above theories this suit for damages was brought by the plaintiff against the defendant, and in the suit the value of the burned building was sought to be recovered.

There was evidence tending to uphold the theories of the plaintiff. There was evidence for the defendant tending to show that the locomotive, at the time referred to, was not negligently handled, but, on the contrary, that the defendant's servants properly and skillfully managed it. There was evidence for the defendant, also, that the locomotive was in every way perfectly equipped. The defendant also introduced evidence tending to show that when the locomotive passed the point referred to a large trash pile, near the building which first caught fire, was on fire; and the jury had the right to infer from this evidence that the building was set on fire from the burning trash pile, rather than by sparks from the locomotive.

There was a jury trial and a verdict for the defendant. Thereupon the plaintiff made a motion for a new trial upon the ground of newly discovered evidence. The plaintiff sets up in his motion the fact that he knows but little of the English language; that he resided, at the time of the fire, several miles from the scene of the fire; that he produced on the trial all of the evidence which, by due diligence, he was able to discover before the trial; and that since the trial he has discovered several reputable witnesses who were at the scene of the fire, and who are prepared to testify that no trash pile was on fire before the locomotive passed the ill-fated building.

A new trial is, of course, granted for the sake of obtaining justice. It must be remembered, however, that but for our statutes the granting or the refusal to grant a new trial by a trial judge in a *civil* case would be in the irrevisable discretion of the trial judge. The fate

[Girardino v. Bir. So. R. R. Co.]

of such a motion, in a *criminal* case, is now under our statutes, solely within the discretion of the trial judge. The findings of a trial court are, on appeal, presumptively correct; and the burden is upon the appellant to show error. The verdict of a jury and the judgment of a trial court are solemn things; and they should not be overturned by an appellate court, unless a good, legal reason therefor is shown.

When the defendant stated its case to the jury, before any evidence was offered, its counsel stated "that defendant expected the evidence to show that the fire was communicated to plaintiff's house, not from sparks from defendant's engine, but from a trash fire which was burning in the inclosure where plaintiff's building was." The plaintiff was thus, at this early stage of the proceedings, put on notice as to the character of the defense which the defendant proposed to make. The plaintiff did not, at this or at any other time, ask for a continuance, or that the trial be postponed, but proceeded with his evidence, and in doing so offered evidence tending to show that there was no fire of any sort on the premises before the defendant's locomotive passed the building. In other words, the affidavits which the plaintiff introduced to sustain his motion were but *cumulative* of the evidence which he had already introduced before the jury which tried his case.

It may be that counsel, in opening their cases, frequently state that they expect their evidence to show facts which they utterly fail to prove; but, whether they do or not, statements of counsel operate as notice of what they do expect to prove, and in the trial of a case one should never underrate the strength of his adversary.

It may be, also, that the ignorance of the plaintiff of the English language, and the distance of his place of

residence from the scene of the fire militated against him in the preparation of his case and in the discovery of all of the material evidence in the case. It is probable, however, that he had acquaintances who did understand the English language; and there was nothing to prevent him from employing some one who not only knew the English language, but knew the people who resided near the scene of the fire, to interview the people on the ground and ascertain the real facts in advance of the trial.

Many of the rules laid down in the books, with reference to the granting of new trials, are rules which are declared for the guidance of primary courts in such matters, and are not binding upon appellate courts when, on appeal, they are asked to revise the rulings of primary courts pronounced upon motions for new trials. The action of a primary court in refusing to grant a motion for a new trial will not be reversed, unless error in such ruling is clearly shown. This is not only true, but when the motion is based upon the ground of newly discovered evidence the materiality of the evidence must not only be shown, but it must also be affirmatively shown that the failure of the movant to produce the newly discovered evidence on the trial of his case was not due to a lack of proper diligence on his part. For the above reasons, this court cannot put the trial court in error for refusing to grant the plaintiff's motion for a new trial. *McLeod v. Shelly Manufacturing & Improvement Co.,* 108 Ala. 81, 19 South. 329;

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ, concur.