# Supreme Forest Woodmen Circle v. Knight.

## *Assumpsit.*

(Decided December 18, 1913.   64 South. 196.)

1. *Insurance; Agreement Outside of Policy; Statute.*—Under section 4579 and 4562, Code 1907, a contract of insurance on the assessment plan not showing that the insurer was either a secret or benevolent order, or that it issued the policy on other than a business basis for an equivalent received, was not within the exception, and hence, evidence offered by it of an agreement as to the contract, shown only by an instrument separate from the policy, was properly excluded.

2. *Same; Evidence and Issue.*—Where there was nothing in the terms of an insurance contract affecting insurer's liability from the fact that the insured died of heart disease, such fact was immaterial and irrelevant and proof of it properly excluded.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

[Supreme Forest Woodmen Circle v. Knight.]

Action by Mark E. Knight against the Supreme Forest Woodmen Circle on an insurance policy on the life of William L. Knight, in which plaintiff was named as beneficiary. Judgment for plaintiff and defendant appeals. Affirmed.

J. T. Lowry, and Arthur H. Burnett, for appellant. The court erred in refusing to admit in evidence the written application of the deceased for the insurance. 1st, because issue was joined on the special plea which this application tended to prove, and whether the pleas were material or immaterial, proof was competent in support thereof.—*L. & N. v. Brinkerhoff*, 119 Ala. 606; *Beamer v. Rosser*, 123 Ala. 641; *Williams v. McKissack*, 125 Ala. 544. And 2nd, because the insurer is not bound and restricted in its policy contract by section 4579, Code 1907, but is exempt therefrom by section 4562, Code 1907. On these authorities the court erred in not permitting it to be shown that the insured died of a heart disease.

Estes, Jones & Welch, for appellee. Counsel insist 1st that there is not such an insistence on errors as will authorize a review by the appellate court.—*Ashley v. Martin*, 50 Ala. 537; *Ala. S. & W. Co. v. Sells*, 168 Ala. 547. There is nothing in the policy to show that it was issued by a benevolent or secret order, and nothing to indicate that it was issued other than on a business basis for a sufficient equivalent, and therefore, is not shown to fall within the exception provided by section 4562, Code 1907. It is therefore within the provisions of section 4579, and the separate application was not admissible in evidence.—*National U. v. Marlowe*, 74 Fed. 775; *Supreme Commandery v. Ainsworth*, 71 Ala. 436; *Lubrano v. Imperial Council*, 38 L. R. A. 546; *Na-*

*tional Union v. Sherry,* 61 South. 944; *Empire L. I. Co. v. Gee,* 171 Ala. 433; *Manhattan L. I. Co. v. Vernuille,* 156 Ala. 592. On these same authorities, the court properly excluded evidence as to the insured having heart disease.

WALKER, P. J.—Unless a defendant to a suit on a contract of insurance is shown to be within one of the exceptions stated in section 4562 of the Code, evidence offered by it of an agreement as to the contract which is shown only by an application or other instrument separate and apart from the policy is not admissible, as the admission of such evidence plainly would contravene the provision of section 4579 of the Code that "no life, nor any other insurance company, nor any agent thereof, shall make any contract of insurance, or agreement as to the policy contract, other than is plainly expressed in the policy issued thereon." Under this statute nothing can be a part of the contract which the policy itself does not disclose.—*Hunt v. Preferred Accident Ins. Co. of New York,* 172 Ala. 442, 55 South. 201; *Manhattan Life Ins. Co. v. Verneuille,* 156 Ala. 592, 47 South. 72.

One of the effects of section 4562 of the Code is to prevent the application of the above-quoted provision of section 4579 to "any secret benevolent society, such as Masons, Odd Fellows, Knights of Pythias, Ancient Order of United Workmen, National Union, or other orders of like kind." There was no evidence tending to prove that the defendant belongs to the class of organizations designated by this provision or by either of the other provisions of the section in which it is found. There was nothing before the court to indicate the purposes or objects of the defendant corporation or the activities in which it engages except what was disclosed

by the terms of the contract sued on. That contract is one of insurance on the assessment plan. There is nothing in it to indicate that the defendant was undertaking to confer upon any one a benefit for which it did not receive an equivalent. That contract did not furnish any basis for an inference that the defendant is such an order, as for instance, the Masons, the sole purposes and objects of which in acquiring money or property beyond the current expenses of the society are for the bestowal of reliefs and charities to the needy.—*Burdine v. Grand Lodge of Alabama,* 37 Ala. 478. For anything appearing to the contrary, the defendant may not exist for any purpose other than to provide insurance for such of its members as pay for it. It may be entirely devoid of any charitable or eleemosynary feature. It may be outside of the objects of its existence to undertake to confer any benefit without requiring any equivalent from the one benefited. An order or organization cannot be classed as a benevolent one when it does not undertake to do anything except for those from whom it receives in money what the service it renders is supposed to be worth. The defendant was not shown to be either a secret or a benevolent order. Without such showing it was not entitled to be treated as a benevolent society such as those mentioned in the statute or as an order "of like kind."—*National Union v. Marlow,* 74 Fed. 775, 21 C. C. A. 89; 3 Am. & Eng. Ency. of Law (2d Ed.) 1043. The evidence before the court not showing that the defendant was within the exception or exemption provided for by section 4562 of the Code, the above-quoted provision of section 4579 was applicable, and the objections to the evidence which was offered of representations or statements made by the insured were properly sustained.

There is nothing in the terms of the contract sued on by which the liability incurred by the defendant in the event of the death of the insured would be affected by the fact that he died of organic heart lesion, a disease of the heart. This being true, the court was not in error in declining to permit the defendant to prove that fact. The fact was not a material or relevant one.

It may be added that the contract sued on was made in 1910, and is not within the influence of subsequently enacted statutes that might have a bearing on similar contracts entered into at later dates.

Affirmed.