# Brotherhood of Locomotive Firemen & Engineers *v.* Milner.

## *Assumpsit.*

(Decided February 4, 1915. Rehearing denied May 20, 1915. 69 South. 10.)

1. *Insurance; Mutual Benefit; Action; Pleading.*—Where the action was upon a mutual benefit certificate, a plea alleging the condition that the constitution of the order should be a part of the contract and setting up the contents of the constitution, without alleging that they were plainly expressed in the policy, was bad under section 4579, Code 1907, as that section applies to all insurance policies, whether issued by benevolent societies, or old line companies, at least where the policies were issued prior to Acts 1911, p. 700.

2. *Same.*—Where the replication alleged that a forfeiture because of non-payment of dues was waived by the subsequent receipt of such dues by one authorized to bind the defendant and the rejoinder

[Brotherhood of Locomotive Firemen & Engineers v. Milner.]

alleged that at the time of the receipt of such dues by the financial secretary insured was in failing health and not a fit subject of insurance, which fact was well known to those attempting to get him reinstated, was unknown to the secretary, and to the local lodge, and that prior to the death of insured the agent of the insured made a demand upon the secretary for the return of such dues, and the secretary paid him the amount thereof, these facts were alleged in the conjunctive and not in the alternative, and before the defendant would be entitled to a directed verdict thereon, each of said conjunctive averments must have been established beyond dispute.

3. *Same; Instruction.*—A charge asserting that when an attempt is made to reinstate a member after expulsion for non-payment of assessment by paying such assessment, it is the duty of those seeking to reinstate the member to indicate to the lodge or its officers to whom the payment is made the state of insured's health, and if the party making the payment knew that insured was in declining health when he attempted to have him reinstated, and the secretary and the lodge did not know this, plaintiff could not recover, was calculated to mislead the jury to believe that plaintiff would not be entitled to recover if those seeking to reinstate the insured failed to report the condition of his health, whether he was in failing health or not, and under the issues upon which this case was tried it was only incumbent to report a failing condition of health if they knew it.

4. *Same.*—A charge that if at the time the overdue assessments were sent to the secretary by the brother of the insured, he knew that insured was in failing health, and that the secretary did not know this and the brother was silent as to the state of insured's health, the jury could not find for plaintiff even though the amount sent paid the dues up to the time of insured's death, was properly refused, since it pretermitted the last conjunctive averment in defendant's rejoinder and required a verdict for defendant upon proof only of a portion of those issues presented by the rejoinder.

5. *Same.*—A charge asserting that if the constitution of the society was a part of the contract of insurance, it was necessary for insured to comply with the terms thereof for readmission, and to make an application for that purpose, and furnish a medical certificate showing that he was in good health, and that unless he complied with such terms the secretary of the society was justified in holding the amount paid and in not presenting the insured's name for readmission to the lodge until he did comply therewith, and the jury could not find for plaintiff, in effect sought to defeat a recovery upon issues not raised by the pleading, and was therefore properly refused.

6. *Same.*—A charge that if it took the amount sent to the secretary at a particular time to pay the full amounts of the assessments due up to the time of insured's death, plaintiff could not recover, because the undisputed facts showed that at such time insured was in failing health, and the person making the payment knew this, but neither the secretary nor the lodge knew that he was in failing health, pretermitted the last conjunctive averment in defendant's rejoinder, and required a verdict for defendant upon proof of only a part of the issues presented; it was also invasive of the province of the jury since the evidence was conflicting as to whether at the time of the payment insured was in failing health and whether this was known to him, and to the person making the payment.

[Brotherhood of Locomotive Firemen & Engineers v. Milner.]

7. *Same:*—A charge that if another was acting for the brother of insured who had paid insured's dues, when such other made the demand upon the secretary for the return of the money paid by the brother and was the agent of the brother for that purpose, and was still holding the money as such agent, the jury could not find for plaintiff, hypothesized only part of the issues presented and required proof of a part only of the rejoinder.

8. *Appeal and Error; Harmless Error; Instruction.*—It was not reversible error to instruct that if the forfeiture had been waived by the payment of $32, and if no other forfeiture had occurred at the time of the payment of $10 additional, that must be considered as the dues and assessment after the exhaustion of the $32, provided it was paid and accepted as such, and that if there was no forfeiture after the payment of the $32 and the subsequent dues were paid and kept up to the time of insured's death, then the jury would be authorized to conclude that there was no forfeiture, and plaintiff would be entitled to recover.

9. *New Trial; Grounds; Denial.*—A refusal of a trial court to grant a motion for a new trial will not be disturbed on appeal unless after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARP.

Action by Mrs. John A. Milner against the Brotherhood of Locomotive Firemen & Engineers, upon an insurance policy issued on the life of Hiliary H. Milner. Judgment for plaintiff, and defendant appeals. Affirmed.

The pleas set up failure to pay dues, the condition that the constitution and by-laws might be altered or amended, and that as altered and amended should become a part of the contract; that at the time of the death of Milner, the constitution then in effect provided that on or before the first day of each month each member should pay to the financial secretary of the lodge the amount of all legally authorized assessments, and, failing therein, such members should stand expelled, and that no action of the lodge was necessary or required to give effect to such expulsion, the same to become effective on the second day of each month, and

that the insurance under the beneficiary's certificate should remain in force only 30 days thereafter, but Milner failed to pay the assessment due April 1, 1911, amounting to $2.40, as provided in the constitution, and that he stood expelled on April 2, 1911, and remained so for more than 30 days, and consequently the same was not in force at the time of his death in July, 1912. Plea 7 is as follows: "Defendant says that the beneficiary's certificate which constituted the insurance contract under which the said Milner was insured as alleged, provided that the constitution then in force, or as may thereafter be altered or amended, was and should be a part of the contract in the same manner and to the same extent as if said constitution or alteration or amendments thereof were written therein, and said certificate further provided that the acceptance of a certificate by the aforesaid member [Hilliary H. Milner] should constitute an acknowledgment upon the part of said member that he agreed to each and every condition named therein. The said constitution of defendant referred to and made a part of said beneficiary's certificate by adoption therein, and in force and effect at the time of the loss sued on thereunder, provided that on or before the first day of each month each member shall pay to the financial secretary of the lodge the amount of all legally authorized assessments; and said constitution further provided that any member, failing or declining to make payments of his assessments as therein provided, should stand expelled, and no action of the lodge shall be required to be taken to give effect to said expulsion, same to be effective on the second day of the month, and at the first meeting in every month the financial secretary shall report to the lodge the names of all members who have been expelled, etc.

And defendant further avers that the said Milner failed to pay to the financial secretary of said lodge the amount of all his legally authorized assessments, as provided for in said constitution, for a long 'time, to wit, the month of April, 1911, and that under the terms of said constitution he stood expelled on the records of the lodge, and was so reported by the financial secretary in said connection, and that said constitution provided that, after 30 days from the date of expulsion for the cause aforesaid, liability under the policy sued for should cease, and that the said Milner was never re-admitted to membership in said lodge."

The replication set up that the financial secretary received a sum sufficient to pay said assessment for April, 1911, and all other assessments due by said Milner up to the time said payment was made, knowing that the said Milner had so failed to pay the assessment due April 1, 1911, and while the said secretary was acting within the line and scope of his duties. The rejoinder was that, at the time of the receipt by the financial secretary of said lodge of the amount of said dues and assessment, Milner was in a state of failing health, and not a fit subject of insurance, provided in the constitution of said order, which was adopted into and became a part of the beneficiary's certificate sued on, a fact well known to those who were attempting to get him reinstated or re-admitted as a member of said order, which fact was unknown to said secretary and said local lodge, and some time prior to the death of said Milner, J. W. Greene, acting as the agent of said Milner, and within the scope of his authority, made a demand upon said financial secretary for the return to him of the amount of said dues and assessments, and said financial secretary paid him said amount, and took

his receipt for the same, wherefore defendant by its ministerial officers and agents did not waive the forfeiture for non-payment by said Milner of said dues and assessments, and plaintiff cannot recover.

The following charges were refused to defendant:

"(11) The court charges the jury that under the law of this state, when an attempt is made to reinstate a member of an organization, such as this, after expulsion for non-payment of assessments, by paying past assessment to the officer of the lodge, this payment shall be fairly and honestly made, and that it is the duty of those seeking to reinstate such member to communicate the state of his health to the officers to whom such payment is made, and if you believe from the evidence in this case that Milner knew that his brother was in declining health when he attempted to have him reinstated in said lodge and paid $32 to Herman Dowe, the financial secretary, and Dowe nor the lodge knew that he was in declining health, then I charge you plaintiff cannot recover on any count of the complaint."

"(6) If you believe from the evidence in this case that at the time the $32 in evidence was sent by H. A. Milner to Dowe, and that said H. A. Milner knew that his brother H. H. Milner, was in failing health, and that Herman Dowe did not know then that he was in failing health, and that said H. A. Milner was silent as to the state of his brother's health, then you cannot find for plaintiff under any of the counts of the complaint, even though you should believe from the evidence that the said $32 paid the said H. H. Milner's dues up to the time of his death.

"(7) If you believe from the evidence in this case that J. W. Greene was acting for H. A. Milner when he made the demand upon Herman Dowe to return him the

money which the said H. A. Milner had paid for dues for the said H. H. Milner, and was the agent of H. A. Milner for that purpose at the time, and he now holds this money as the agent of said H. A. Milner, you cannot find for plaintiff under any of the counts of the complaint, even though you should believe from the evidence that said amount was sent to Herman Dowe and said lodge, and that amount was sufficient to pay said assessments up to the time of his death."

"(12) If you believe from the evidence that the constitution introduced in evidence was a part of the contract of insurance between Hiliary H. Milner and this brotherhood, it was necessary for the said Milner to comply with the terms of said constitution for readmission; that is, make an application to the lodge on a blank provided by the lodge for that purpose, and furnish a medical certificate to the lodge showing that he was in good health, if he had been expelled from the lodge more than 30 days before he attempted to be readmitted to the lodge, and unless you find from the evidence that the said Milner did comply with these terms of his insurance contract for readmission, I charge you that Herman Dowe was justified in holding said sum of $32, and not presenting his name for readmission to the lodge until he did comply with these terms, and you cannot find for plaintiff even though you should believe from the evidence that said amount covered Milner's dues up to the time of his death.

"(13) The court charges the jury that if you believe from the evidence in this case it took the other $10, besides $32 sent in October and December to Dowe to pay the full amount of the assessments due by H. H. Milner up to the time of his death, I charge you that plaintiff cannot recover in this case, because the undisputed facts

in the case show that at the time this money was sent by H. A. Milner, the said H. H. Milner was then in failing health, and was at Saranac, N. Y., and H. A. Milner knew this, and neither Dowe nor the lodge did know that H. H. Milner was in failing health."

The oral charge referred to is as follows: "If, under those principles, the jury should find that notwithstanding the alleged nonpayment of due in April there was on the part of defendant lodge through its subordinate lodge and its authorized agent a waiver of such non-payment, and the consequent continuing of the membership and of the policy, then that would bring you to a later stage of the transaction, and you would consider what effect the payment of the $10 had. If the forfeiture has been waived by the payment of the $32, that cause of forfeiture having passed, if no other forfeiture had occurred up to the time of the payment of $10, that must be considered as being the dues and assessment after the exhaustion of the $32, provided it was paid and accepted as and for such payment. In other words, if there was no forfeiture after the payment of the $32, and the subsequent dues were paid and kept up to the time of the death, which occurred in July, the jury would be authorized to conclude that there was not a forfeiture of the policy, and if such be your conclusion, reasonably from the evidence, then plaintiff would be entitled to recover the amount of the policy, with interest from the date of the suit brought."

CHARLES A. CALHOUN, for appellant.

J. C. MILNER, TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellee.

ANDERSON, C. J.—(1) The defendant's special plea 7, if not otherwise faulty, was bad for setting up

the contents of the constitution of the order as a part of the insurance contract, without the averment that the same was plainly expressed in the policy, as is required by section 4579 of the Code of 1907. This section applies to all insurance policies, whether issued by a benevolent society or an old-line insurance company.—*National Union Co. v. Shery,* 180 Ala. 627, 61 South, 944. It may be true that the act of April 24, 1911 (Acts 1911, p. 700), removes fraternal benefit societies from the influence of this statute as it appears in the Code of 1907, but said act does not apply to this policy, which was issued several years prior to the adoption therof.— *Sherry's Case, supra.* The trial court did not err in sustaining the plaintiff's demurrer to plea 7.

While this cause was tried upon several special pleas, replications thereto, and rejoining No. 2 to said replications, the only issue to be passed upon in determining whether or not the defendant was entitled to the general charge is proof vel non of said rejoinder. The special pleas do not deny the policy of insurance, but set up, in effect, a forfeiture of same for nonpayment of dues, and negative a reinstatement or renewal of the policy after said forfeiture. The replications deny the nonexistence of the insurance contract at the death of the insured, and, while admitting the default in the payment of certain dues, which would operate as a forfeiture, set up facts showing that the forfeiture was waived by a subsequent receipt and retention of the premiums by one with authority to bind the defendant.

(2) The general issue was not interposed to the replications, and the only rejoinder submitted to the jury, No. 2, seeks to avoid the replications by the facts that the insured was in failing health when the arrears were remitted, and which fact was known to those acting

for him and was not known to the lodge or its agent, Dowe, and that prior to the death of the insured, Green, acting as the agent of the insured, and within the scope his authority, made demand for the return of the premiums and received same. It will be observed that these facts are in the conjunctitve and not in the alternative, and in order for the defendant to be entitled to the general charge, the proof must have established each of the conjunctive averments bepond dispute. It is sufficient to say that it was a question for the jury as to whether or not the insured was in such failing health as was contemplated by the policy, and whether or not it was known to him and his brother when remitting the premiums and was unknown to the defendant's agent when he received and retained same. Nor does it appear without dispute that Greene had the authority to collect these premiums and to waive the rights of the insured by accepting same. Greene said: "I was not empowered by Mr. Milner to collect this $42; he never did tell me to collect it, and I do not know that he gave me any authority to act in the matter at all; Mrs. Milner asked me to get it straightened up."

The jury could well infer that if Mrs. Milner had authority in the matter, she merely authorized Greene to look into the matter and get the receipts and see that the policy had been properly reinstated and did not appear lapsed upon the records of the order.

The trial court did not err in refusing the defendant's general charge as to the whole complaint, or as to the different counts thereof separately. Moreover, the charges as to the respective counts were in bad form.— *Goldstein v. Leake,* 138 Ala. 573, 36 South. 4458.

(3) There was no error in refusing the defendant's requested charge 11. If not otherwise bad, it was calcu-

lated to mislead the jury to the belief that the plaintiff could not recover, if those seeking to reinstate the insured failed to report the condition of his health—. whether he was in failing health or not. At most, it was only incumbent upon them, under the issues upon which the case was tried, to report that he was in failing health if they knew it.

(4) While charge 6, refused to the defendant, meets the specific defect discussed in reference to charge 7, it pretermits the last conjunctive averment in the rejoinder, and requires a verdict for the defendant upon proof of only a portion of the issue presented by said rejoinder.

(5) Defendant's refused charge 12, if not otherwise bad, seeks to defeat the plaintiff's recovery upon issues not raised by the pleading.

(6) Charge 13, refused to the defendant, invaded the province of the jury, and was also subject to the same vice suggested as to charge 6.

(7) Charge 7 hypothesizes only a part of the issues presented by the pleading, and requires proof of the first part of the defendant's rejoinder merely.

(8) There was no reversible error as to the oral charge of the court relative to the payment of $10, which is the only exception to the oral charge suggested or insisted upon in brief of counsel.

(9) The trial court saw and heard the witnesses, as did the jury, and according to the often repeated rule of this court the refusal to grant a new trial will not be disturbed unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is unjust and wrong.—*Cobb v. Malone*, 92 Ala. 630, 9 South. 738. We are not prepared

to say that the verdict was unjust and wrong, or contrary to the great weight of the evidence.

The judgment of the city court is affirmed.

Affirmed.

McClellan, Sayre and Gardner, JJ., concur.