(77 South. 352)

LOCOMOTIVE ENGINEERS' MUT. LIFE & ACCIDENT INS. ASS'N v. HUGHES.
(8 Div. 453.)

(Supreme Court of Alabama.   Dec. 20, 1917.)

1. INSURANCE ⬅718 — FRATERNAL INSURANCE—STATUTES—APPLICABILITY.
     Code 1907, § 4579, declaring that no insurance company or any agent thereof shall make any contract of insurance, or agreement as to policy contract, other than is plainly expressed in the policy, does not, in view of the fact that it appeared in a portion of the Code devoted to ordinary life insurance and used terminology inapplicable to fraternal insurance, apply to such insurance, and a certificate of fraternal insurance may make the by-laws of the fraternal order a part of the policy.

2. INSURANCE ⬅815(1)—FRATERNAL INSURANCE—COMPLAINT.
     A fraternal certificate, declaring that the payments or benefits shall not exceed the sum which the association shall be able to pay from one assessment, and that any member refusing to pay any assessment or being expelled one year shall forfeit all right to participate in insurance, does not purport to insure for a term, and so a complaint seeking recovery thereon should not follow Code 1907, p. 1196, form 12, applicable to policies for term.

Appeal from Circuit Court, Jefferson County; E. C. Crow, Judge.

Action by Mrs. Jennie B. Hughes against the Locomotive Engineers' Mutual Life & Accident Insurance Association. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Frank S. White & Sons, of Birmingham, or appellant. Stokely, Scrivner & Dominick, of Birmingham, for appellee.

McCLELLAN, J. [1] The plaintiff, appellee, was accorded a judgment aggregating $4,500, and interest, in an action upon three benefit certificates, of which this one is an example:

"Organized December 3, 1867. Incorporated March 1, 1894. Locomotive Engineers' Mutual Life and Accident Insurance Association. Certificate of Membership and Policy of Life Insurance. No. 69,728. Policy $1,500.00 This certifies that L. D. Ponder was admitted a member of this association this third day of Sept., 1905. Cleveland, O., Sept. 22, 1905. W. E. Futch, President. H. M. Shay, Gen. Secy. & Treas. All payments or benefits that may accrue or become due by virtue of this policy will be payable to Mrs. Jennie B. Ponder, wife, or his lawful heirs, which cannot exceed the amount the association shall be able to pay from one assessment. Any member of this association, neglecting or refusing to pay any assessment when ordered as provided in the by-laws or being expelled one year from the Brotherhood of Locomotive Engineers, shall forfeit all right and title to membership, and be debarred from further participation in this Insurance, or benefits arising from the same. For the benefit of the Brotherhood of Locomotive Engineers."

Following rulings adverse to the defendant on demurrers to defendant's pleas, it appears from the judgment entry that the defendant pleaded "the general issue, in short, by consent, with leave to give in evidence any testimony material to its defense as if specially pleaded, with the same privilege to plaintiff as to replication. * * *" The defendant offered to introduce in evidence the intestate's applications for certificates of insurance and a part of the by-laws referred to in the quoted benefit certificate. The court declined to admit these documents in evidence, upon the ground that they were not parts of the contract of insurance, because their contents were not "plainly expressed in the policy issued thereon," as provided in the following pertinent excerpt from Code, § 4579:

"No life, nor any other insurance company, nor any agent thereof, shall make any contract of insurance, or agreement as to policy contract, other than is plainly expressed in the policy issued thereon."

This ruling of the court was induced by the authority afforded by our decision in the case of Brotherhood of Locomotive Engineers v. Milner, 193 Ala. 68, 69 South. 10. It was there held that the above-quoted provision of section 4579 of the Code of 1907 was applicable to fraternal benefit societies insur-

---

ing members under the assessment plan purely. The holding in the Milner Case was directly induced by the announcement of this court in National Union v. Sherry, 180 Ala. 627, 632, 61 South. 944. Upon a reconsideration of the question by the full bench, the court is of the opinion that the quoted provisions of section 4579 are not applicable to a mutual association insuring its members without profit and through the assessment plan. Our statute law has all along accorded separate treatment to corporations engaging in the business of selling insurance as a commercial enterprise from that accorded mutual benefit associations that engage in issuing life insurance upon the assessment plan. The statute itself (section 4579), in the provisions following that quoted above, makes express reference to premiums and to dividends, both of which import ideas entirely inconsistent with the fundamental conceptions which underlie the process observed by purely mutual associations which, to meet their contracts of insurance, provide a plan of assessment. It results that the quoted provisions of the statute had no application to restrict the contractual rights of the parties to constitute the by-laws of the association a part of their contract which affected to govern the levying of assessments and prescribing when and where they should be paid, as well as visiting a forfeiture, if not efficiently waived, for a failure or failures to observe the requirements of the by-laws with reference to the payment of assessments validly levied under the by-laws.

National Union v. Sherry and Brotherhood, etc., v. Milner, supra, are therefore overruled, in so far as they affirm that Code, § 4579, was or is applicable to insurance issued by fraternal benefit associations observing the purely assessment plan. It is to be noted that, in the Sherry Case, no account was taken of the provisions of Code, § 4562, wherein the National Union was undertaken to be expressly excepted from the effect of the statutes in the article. In this decision all the members of the court concur. The errors thus committed by the trial court in applying the quoted provision of section 4579 of the Code to the exclusion of the applications and by-laws of the association prejudiced, of course, the rights and possible defenses of the appellant, and must therefore result in a reversal of the judgment.

[2] In view of the retrial to occur, following reversal, the writer (with whom ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur) feels constrained to note that the certificates upon which plaintiff relies for recoveries do not import an unconditional promise or obligation, on the part of the Brotherhood, to pay a definite sum of money, since they all carry the limitation that the amount of payments or benefits that may accrue thereon shall not "exceed the amount the association shall be able to pay from one assessment." These certificates do not purport to insure for a term, within the contemplation of the Code form. Civil Code, p. 1196, form 12. Having regard to this Code form, it was held in United States H. & A. Co. v. Veitch, 161 Ala. 630, 50 South. 95, that a complaint was insufficient which did not specify the time for which the life in question was insured. Since the character of contracts declared on in the five counts of the complaint in the present action did not insure for a term within the contemplation of the Code form, the plaintiff could not avail of the Code form to state her causes of action because to do so would involve the plaintiff in alleging a contract inconsistent as to term with that to which whatever rights she has must be referred. She should, therefore, so conform her complaint, in several counts, as to declare on the particular contracts under which she claims. Whether the insured forfeited his membership in the association or his right to insurance under these certificates because of failure or refusal on his part to meet the requirements of the association's by-laws (made a part of the contracts by reference in the certificates), or, if so, whether the bases of or for the asserted forfeitures were efficiently waived, were and are matters not necessary to be negatived or affirmed by the plaintiff in her complaint. If forfeitures are relied on, they are matters of defense, and must be appropriately pleaded. On the other hand, if waiver of asserted forfeitures is the plaintiff's claim, she should interpose by way of special replications.

For the errors following from the application to the case of the provisions of Code, § 4579, the judgment is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur.