(78 South. 821)

EMINENT HOUSEHOLD OF COLUMBIAN WOODMEN v. BLACKERBY.
(4 Div. 741.)

(Supreme Court of Alabama. Feb. 14, 1918. On Application for Rehearing, May 9, 1918.)

INSURANCE ⟨⟩815(2) — MUTUAL BENEFIT INSURANCE—PLEADING.

In an action on a covenant or policy of a secret benevolent society, special pleas setting up breaches of contract by insured were sufficient, although they failed to allege that provisions of forfeiture set up were expressed in the policy, or that the application, containing the warranties alleged to have been breached, was attached to, or made a part of the contract of insurance, in view of Code 1907, § 4562, exempting such societies from provisions of section 4579, providing that no insurance company or agent thereof shall make any contract or agreement other than that expressed in the policy.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action by Ada Blackerby, formerly Ada Rambo, against the Eminent Household of Columbian Woodmen. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

———

Powell, Albritton & Albritton, of Andalusia, for appellant. A. R. Powell, of Andalusia, for appellee.

MAYFIELD, J. The action is on an instrument sometimes called an insurance policy, a certificate of insurance; it being here denominated "beneficiary covenant." The instrument sued upon is set out in hæc verba as a part of count 1 of the complaint. On its face it purports to insure the assured against certain accidents; in this respect it partakes of the nature of an accident insurance policy. It undertakes furthermore, in the event of the death of the assured while the covenants are in force, that appellant corporation will pay to the beneficiary an amount named; in this aspect it partakes of the nature of a life insurance policy. The assured having died, the action is by the beneficiary to recover the amount agreed to be paid under the life insurance phase of the covenant or policy.

The first count is on the instrument which is set out in full. The second count follows the Code form as for an action on a policy of life insurance. Code, vol. 2, form 12, p. 1196. The third count declares on the instrument of insurance, but does not set it out in full; it sets up only the substance thereof, and alleges an appropriate breach.

The defendant demurred to each count of the complaint, and, the demurrers being overruled, it interposed the general issue, and 15 or 20 special pleas setting up breaches of the contract of insurance by the insured, alleged to have forfeited the right to recover under the insurance policy. To these special pleas the plaintiff interposed demurrers, which were sustained. Thereupon a trial was had on the general issue, resulting in a verdict and judgment for plaintiff. From that judgment defendant prosecutes this appeal.

It is first insisted that the court erred in overruling demurrer to counts 1 and 3 of the complaint, because of the failure of either count to allege that the insured died during the life of the policy, or that the policy or contract was in force at the time of his death. Neither of these counts was subject to these grounds of demurrer—the only ones insisted upon in argument. Each count does sufficiently allege that the contract or policy of insurance was in force when the insured, the "guest," as he is called therein, died.

It is next insisted that the trial court erred in sustaining plaintiff's demurrer to each of defendant's special pleas. Under the recent ruling of this court in the case of Locomotive Engineers', etc., Ins. Ass'n v. Jennie B. Hughes, 77 South. 352,[1] these pleas as amended were not subject to demurrer on the ground that they failed to allege that the provisions of forfeiture set up in the pleas were plainly expressed in the covenant or policy sued upon, or that the application containing the statements or warranties alleged to have been breached by the insured was attached to or made a part of the contract of insurance or policy sued upon. This court held (and correctly) in the Hughes Case, supra, that such allegations are not necessary in actions on contracts of insurance like the one here sued upon; and in so holding the court expressly overruled the cases of National Union v. Sherry, 180 Ala. 627, 61 South. 944, and Brotherhood, etc., v. Milner, 193 Ala. 68, 69 South. 10, which cases the trial court evidently followed in its rulings on these pleas. It should be here said that the last ruling of this court had not been published when this trial was had, and that the trial court had no knowledge of the overruling of the cases upon which it relied.

As was pointed out in the Hughes Case, section 4579 of the Code does not apply to any secret benevolent society, such as Masons, Odd Fellows, Knights of Pythias, and other orders of like kind. Section 4562 of the Code, which expressly exempts such societies from the Code provisions which include section 4579 of the Code, was overlooked in the Cases of Sherry, 180 Ala. 627, 61 South. 944, and Milner, 193 Ala. 68, 69 South. 10. It may be here said, however, that the attention of this court was not called to section 4562 of the Code during the consideration of either of the two cases overruled.

As the rulings of the trial court on the evidence and on the charges were in accordance with its rulings on the demurrer to the special pleas, it is unnecessary to consider them on this appeal. We do not mean to hold that none of these pleas as last amended was subject to any ground of demurrer, under the particular policy, which contains incontestable clauses, nor do we mean to hold that the incontestable feature could be taken advantage of by demurrer, as the policy is set out in one count; but this feature seems not to have been raised in the court below. We merely desire not to intimate an opinion on this phase of the contract until it is properly presented to us. Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Application for Rehearing.

Counsel for appellee insists that the record on this appeal does not affirmatively show that section 4579 of the Code is not applicable to the contract of insurance here sued upon, and that the case is not brought within the rule declared in Hughes' Case, 77 South. 352.[1] In this counsel is in error. The complaint, to which the pleas were, of course, answers, set out the contract sued on in hæc verba, and on its face it shows that it is not included within the contracts of insurance covered by section 4579 of the Code, and that it is included within the exceptions mentioned in section 4562 of the Code. In the

[1] Ante, p. 58.

Hughes Case, 77 South. 352,[2] two former decisions of this court were overruled, and it was there held that section 4579 of the Code did not apply to mutual associations insuring members without profit, and through the assessment plan. That the instrument here sued on is such a contract or agreement as was held not to be within this section, there can be no doubt. If the Case of Knight, 9 Ala. App. 428, 64 South. 196, decided by the Court of Appeals, can be construed to hold to the contrary, it is to that extent declared unsound, and is not to be followed by this court.

Application overruled.