(81 South. 823)

SOVEREIGN CAMP, WOODMEN OF THE WORLD, v. PRITCHETT. (3 Div. 376.)

(Supreme Court of Alabama. May 1, 1919.)

1. INSURANCE ☞815(1)—ACTIONS ON BENEFIT CERTIFICATE—PLEADINGS—SUFFICIENCY.

In an action on a beneficiary certificate, an averment of the complaint which was substantially in Code form (Civ. Code, 1907, p. 1196), that defendant insured deceased "for the term of, to wit, his natural life," and that insured died on a certain date, was a sufficient allegation that insured died within the life of the policy.

2. PLEADING ☞8(6) — BENEFIT CERTIFICATES—SUFFICIENCY.

In an action on a beneficiary insurance certificate, pleas that insured was killed in a foreign state, in consequence of a violation of the laws of such state, were bad as expressing mere conclusions; the foreign law not being substantially stated, nor the facts constituting its violation averred.

---

3. INSURANCE &#9758;687, 711, 815(4)—ACTIONS ON POLICIES — MUTUAL BENEFIT CERTIFICATES—VARIANCE—"INSURANCE COMPANIES" —"POLICIES OF LIFE INSURANCE."

For most purposes, mutual benefit associations are "insurance companies," and the certificates issued by them are "policies of life insurance," governed by the rules of law applicable to such policies, so that declaring on a policy of insurance and introducing a certificate of a mutual benefit association, did not constitute a variance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Insurance Company; Policy of Insurance.]

4. INSURANCE &#9758;646(6)—ACTION ON POLICY —BURDEN OF PROOF.

In an action on an insurance policy, the burden of proving that insured died in consequence of a violation of law is upon the insurer.

5. INSURANCE &#9758;662(1) — EVIDENCE — ADMISSIBILITY—NOTICES AND PROOFS OF LOSS.

In an action on an insurance policy, plaintiff is entitled to have the original of all notices and proofs of loss as to the death of insured before the court to show compliance with the conditions of the policy, although such notices and proofs are not evidence against the company of any fact therein.

6. WITNESSES &#9758;205—ACTION ON POLICY— CONFIDENTIAL COMMUNICATIONS.

Although confidential communications may not be shown in evidence, a letter of the general attorney of a fraternal insurance association to the clerk of the local camp of which insured was a member was admissible in an action on the policy; it not being confidential and showing on its face that it was intended to be communicated to plaintiff, and presumably had been so communicated.

7. DEPOSITIONS &#9758;107(1) — ADMISSIBILITY IN EVIDENCE—TIME OF OBJECTION.

It is too late to object to the admissibility of a deposition after the trial is entered into in view of Code 1907, § 4042.

8. INSURANCE &#9758;818(4)—ACTION ON BENEFIT CERTIFICATE — EVIDENCE — ADMISSIBILITY.

In an action on benefit certificate, where the plea that deceased was killed while attempting to violate the law of a sister state was interposed, evidence that deceased was a drinking man of an overbearing disposition, or had a bad reputation for peace and quiet, *held* inadmissible.

Appeal from Circuit Court, Conecuh County; A. E. Gamble, Judge.

Action by Mamie Pritchett against the Sovereign Camp, Woodmen of the World. Judgment for plaintiff, and defendant appeals. Affirmed.

C. H. Roquemore, of Montgomery, for appellant.

Hamilton & Page, of Evergreen, and L. G. Brooks, of Brewton, for appellee.

SAYRE, J. [1] Count A of the amended complaint was substantially in Code form (Civil Code, p. 1196), and the demurrer was properly overruled. The averment is that defendant insured C. Henry Pritchett "for the term of, to wit, his natural life," and that the insured died on, to wit, etc. This was an allegation that the insured died within the life of the policy.

Count B, after setting out the terms of the policy with sufficient detail, alleged that at the death of insured, the date being shown, said policy was in full force and effect. We do not see that the count was open to any objection taken to it.

[2] Original pleas, other than the general issue, and pleas 2, 3, and 4, as first amended, were demurrable, as the trial court held. These pleas show that insured was killed at Molino in the state of Florida and disclose a purpose to show that he died in consequence of his violation, or attempted violation, of the laws of the state of Florida or of the town of Molino. They were bad for that they expressed the mere conclusion of the pleader, whereas, the rule of good pleading in such case requires that the foreign law be substantially stated, and the facts averred which are supposed to constitute its violation (Cubbedge v. Napier, 62 Ala. 518), or they assumed that the ordinances of the town of Molino were the laws of a state, of the United States, or a province, or a nation, within the meaning and language of the stipulation of the policy, whereas said ordinances were none of these. Plea 2 as last amended was demurrable also for the reason that while it pretended in a way to set out the laws of the state of Florida, it in fact did not do so.

Under the evidence it was for the jury to say whether insured was engaged in the violation of any law of the state of Florida at the time he was killed and, if so, whether he died in consequence of said violation.

[3] The complaint alleged a policy of insurance. In proof of this allegation plaintiff offered in evidence an instrument purporting to be a "beneficiary certificate" and witnessing the fact that C. Henry Pritchett, to whom we have already referred as "the insured," was, while in good standing, entitled to participate in the defendant's beneficiary fund to the amount of $1,000 should his death occur after the second year of his membership, payable to plaintiff. There are differences between such a contract and the regular or ordinary contracts of life insurance, as has been often noted. Slaughter v. Grand Lodge, 192 Ala. 301, 68 South. 367. But the cases to which appellant refers speak of contracts like this as policies of insurance, and, "for many, and indeed for most, purposes, mutual benefit associations are insurance companies, and the certificates

---

issued by them are policies of life insurance governed by the rules of law applicable to such policies." 1 Bacon, Life & Accident Ins. § 399. There was no variance in this respect.

[4] The burden of proving that insured died in consequence of a violation of law rested upon defendant. Bacon, § 645.

For the reasons indicated in the three paragraphs next above the general charges requested by defendant as to each count of the complaint were properly refused.

[5] By order of the court defendant was required to answer certain interrogatories propounded to it by plaintiff, calling for the production of the originals of all notices and proofs made as to the death of the insured. Plaintiff was entitled to have these documents before the court to show compliance with the conditions of the policy. 25 Cyc. 941. But these notices and proofs were not evidence against the company of any fact stated therein. 25 Cyc. 941. Their proper use might have been pointed out to the jury by instructions, if that had been considered necessary; but there is no indication that improper use was made of them, or indeed that they touched upon the ground of defense, viz. that insured had died in consequence of his violation of law.

[6] Confidential communications may not be shown in evidence. Sovereign Camp, W. O. W., v. Ward, 196 Ala. 327, 71 South. 404. But the letter of defendant's general attorney to W. S. Dreaden, clerk of the camp at Repton of which the insured was a member at the time of his death, was not confidential, for the reason that it shows upon its face that it was intended to be communicated to plaintiff (40 Cyc. 2375), and it may be assumed that defendant or its authorized agent had communicated the letter to plaintiff, for a copy of it was set out in the interrogatory which called for the original.

[7] Defendant moved to suppress the deposition of D. D. Maxwell on the ground that the deposition, which had been taken on the ground that the witness resided in Pensacola, Fla., showed that he lived—to quote the motion, "lives at Tunnel Springs, in Monroe county, Ala." The deposition was taken at Pensacola, and the evidence shows that it might have been properly taken on the statutory ground that the witness was "absent from the state." Code, § 4030. Whether or not there was a substantial compliance with the statute, the objection to the deposition came too late. The bill of exceptions recites that defendant's motion was made "after the trial was entered into." Code, § 4042. Objections to specific questions are not argued and will not be considered.

[8] The record shows that defendant had the advantage of whatever testimony it was able to adduce to the effect that the insured was to some extent under the influence of liquor at the time he was killed in a rencounter with the town marshal of Molino. So too defendant was not restrained in its proof of what was said and done on that occasion. We do not see that reversible error was committed in the court's refusal to receive testimony tending to show that in general the insured was "a drinking man," was of an overbearing disposition, or had a bad reputation for peace and quiet in the community where he had formerly lived. Nothing of this tended to explain the conduct of the marshal, for there was no reason to assume that he knew the habits of the insured or his reputation in another neighborhood, nor did it tend to prove a proximate causal connection between the death of insured and the fact that he had a pistol concealed about his person, nor was there, at the time when this evidence was offered, if indeed there was at any time, evidence before the jury tending to show that the insured had made any demonstration fairly capable of being construed as an attempt to resist arrest, or that the insured knew that the marshal was engaged in an effort to arrest him to answer a criminal charge. Of whatever interpretation the statute laws of Florida, offered in evidence, may be capable, we are not of the opinion that insured could be convicted in the courts of this state of an unlawful resistance of arrest in the absence of knowledge on his part that the person, to all appearances making an unlawful assault upon him, was in fact an officer of the law, attempting to make a lawful arrest. Appellant, defendant, cites Sovereign Camp v. Ward, supra; but in that case the plea was that insured had committed suicide, and the ruling was that defendant insurer should have been allowed to prove that the insured was addicted to drink immediately preceding his death in connection with his then recent declarations as to his habit and his effort and purpose to abstain therefrom—a very different case from that here presented.

We have said enough to cover all the assignments of error. We find no error, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.