(85 South. 528)
## EMINENT HOUSEHOLD OF COLUMBIAN WOODMEN v. BLACKERBY. (4 Div. 835.)

(Supreme Court of Alabama. April 22, 1920.)

I. Insurance ⊕══818(I) — Where insured was killed while being arrested, evidence of his arrest on former occasion not admissible.

In an action on death benefit certificate following member's death at hands of deputy sheriffs seeking to arrest him, evidence as to what occurred between deputy sheriff and insured on a former occasion when the deputy arrested insured, and as to whether or not insured at that time was armed, held inadmissible; the right of the deputy to carry arms in arresting insured not being an issue in the case.

2. Evidence ⊕══152—Character may be shown by person having knowledge of facts or by evidence of general reputation.

Where the fact is relevant, the habits or moral character of a particular individual may be shown by the testimony of one who has per-

sonal knowledge of the facts, or in some cases by evidence ·of his general reputation in the community in which he lives.

**3. Evidence** ⬤⟿475 — **That it was common knowledge that person drank heavily prior to death not admissible.**

It was not permissible for a witness to testify that as a matter of common knowledge a certain person drank heavily prior to his death; such fact not being within the range of what the law terms "common knowledge."

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action by Ada Blackerby, formerly Ada Rambo, upon a certificate of insurance on the life of her former husband, Rambo. Judgment for plaintiff, and the defendant appeals. Affirmed.

For the pleadings and other matters, see former report of this case in 201 Ala. 443, 78 South. 821.

It appears that Rambo met his death at the hands of deputy sheriffs seeking to arrest him, and that he was shot in the back and in the side and through the shoe from the bottom, and that he fell near the automobile.

Powell, Albritton & Albritton, of Andalusia, for appellant.

The court erred in refusing to allow it to be shown that on a former occasion Rambo had resisted arrest. The defendant· under' the evidence was entitled to the affirmative charge. 91 Ill. App. 363; 156 Ala. 37, 46 South. 858; 5 Cyc. 493, 494; 21 Cyc. 797.

A. R. Powell, of Andalusia, for appellee.

Details of the former arrest were not admissible. 74 Ala. 9; 78 Ala. 5; 7 Ala. App. 255, 60 South. 1006. There was no causal connection between Rambo's death and his intemperate use of liquor. 203 Ala. 33, 81 South. 823. There was no place for an affirmative charge. 82 South. 22; 203 Ala. 137, 82 South. 167; 16 Ala. App. 629, 80 South. 693.

BROWN, J. This is the second appeal in this case. The decision on the former appeal will be found in Eminent Household of Columbian Woodmen v. Blackerby, 201 Ala. 443, 78 South. 821.

[1] The right of the sheriff's deputies to carry arms on the occasion of the alleged effort to arrest Rambo was not an issue in this case, and the evidence offered as to what occurred between Deputy Straughn and Rambo· on a former occasion, when Straughn arrested Rambo, and whether or not Rambo was then armed, was properly excluded. Its tendency was to inject into the case a collateral issue, and withdraw the attention of the jury from the issues in the

case. Thrash v. Bennett, 57 Ala. 156; Mattison v. State, 55 Ala. 224; 1 Greenl. on Ev. 14b.

[2, 3] Where the fact is relevant, the habits or moral character of a particular individual may be shown by the testimony of one who has personal knowledge of the facts, or in some cases by evidence of his general reputation in the community in which he lives,' yet such fact is not within the range of what the law terms "common knowledge," and it was not permissible for the witness Straughn to testify that, as a matter of common knowledge, Rambo drank very heavily prior to his death. Chamberlayne's Handbook on Ev. §§ 345, 875.

In view of the physical facts shown in the evidence, the location of the wounds on the person of the deceased, and the bullet or shot holes in his clothing, the relative position of his body, when he fell mortally wounded, to the automobile by which he was standing when the difficulty commenced between the deceased and the defendant's witness, the court was justified in refusing the affirmative charge requested by the defendant. Sovereign Camp, W. O. W., v. Pritchett, 81 South. 823; [1] Bellingrath v. Anderson, 203 Ala. 62, 82 South. 22; Jones v. Jefferson County, 203 Ala. 137, 82 South. 167.

This disposes of the questions presented; and finding no error in the record, the judgment will be affirmed

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 203 Ala. 33.