55 So.2d 123

**PACIFIC FIRE INS. CO. v. OVERTON.**

8 Div. 600.

Supreme Court of Alabama.

Nov. 15, 1951.

Jos. S. Mead, Birmingham, for appellant.

Guin & Guin, Russellville, for appellee.

SIMPSON, Justice.

Appeal from a verdict and judgment in a suit on a policy of fire insurance.

Appellant first seeks to predicate error to reverse on the action of the trial court in limiting its counsel's opening statement to the jury. The record relative thereto shows and only shows the following:

"Objection by Mr. Guin to Mr. Mead's Opening Address to the Jury:

"Mr. Guin: I object to any statement of the evidence in advance.

"By the Court: I sustain the objection.

"By Mr. Mead: I expect to show your Honor what I expect the evidence to show.

"By Mr. Guin: I understand we haven't gone in detail to the jury and I object to counsel doing it.

"By Mr. Mead: It is my purpose to state to the jury what I expect the evidence to show and make such a statement to the jury as will enable them to understand the evidence as it comes.

"By the Court: The attorney can state to the jury the allegations of his pleas and what his defense is but he can't go in detail about what his evidence is.

"By Mr. Mead: Your Honor, I understand, the ruling is that I. cannot state to the jury what I expect to show by the evidence.

"By the Court: You can state to the jury the allegations of your pleas but you can't go in detail about what the evidence will show.

"By Mr. Mead: I don't want to violate the Court's orders here but I just want to be sure about the ruling. I just want to state to the jury what I expect the evidence to show, as I understand Mr. Guin, I cannot state to the jury what I expect the evidence to show.

"By Mr. Guin: It never has. been a rule in this court that an attorney can state the evidence in advance. He has a right to state the complaint but he can't state the evidence in detail. The reason for that is obvious.

"By the Court: The attorney has the right to read his pleas to the jury, he has a right to state to the jury the allegation of his pleas, he has a right to state just what defense he has in the case *but he doesn't have a right to take time of court and go in detail about what he thinks his evidence will show.*

"By Mr. Mead: We except to the Court's ruling." (Emphasis supplied)

██ We have variously expressed the rule in this jurisdiction with reference to the opening statement of counsel to the jury to the general effect that in cases involving issues of fact, counsel may outline what he expects the evidence to show, but its function is merely to indicate the issues of fact to the jury and this right of counsel is not unlimited, but is subject to control by the wise discretion of the trial judge. Wilkey v. State ex rel. Smith, 238 Ala. 595, 598, 192 So. 588, 129 A.L.R. 549, and cases there cited.

Our cases seem not to have considered the extent to which this discretion of the court may possibly be abused to operate to reverse the cause, but we pause now to say that where the party is given full opportunity to introduce his evidence and argue the facts before the jury, our Court Rule 45 would to a considerable extent govern our determination of the question of a reversal.

With reference to the rule, we approve the following statement in 53 American Jurisprudence 357–358, § 455: " * * * Considering that the office of the opening statement is to afford preliminary explanation, it is not its purpose to embody or convey proof by means of unsworn facts, to argue the facts, or to discuss the law of the case. The authorities therefore deny the right of counsel to make use of the opening statement to get before the jury *details of the testimony expected to be offered* * * *." (Emphasis supplied.)

██ Looking to the record in the light of these principles, we find ourselves unable to say to what extent, if any, the defendant was prejudiced by the foregoing ruling of the court or whether the court in any way abused its discretion. Just what statement counsel was purporting to make or its extent is not shown, nor does it appear whether the court by its final ruling unduly abridged counsel's right. While the record does disclose that defendant's counsel interpreted the ruling as inhibiting him from stating what he expected the evidence to show, the court did not so interpret the status or so limit him, but by his ruling only forbade him "to take time of court and *go in detail* about what he thinks his evidence will show." (Emphasis ours) In order to invoke revision here of nisi prius action the record, of course, must reflect the error and that it resulted in substantial prejudice to the appellant. Error is not presumed, the appellant having the burden of establishing it. Roubicek v. Roubicek, 246 Ala. 442(5), 21 So.2d 244; Kabase v. State, 244 Ala. 182,

12 So.2d 766; Supreme Court Rule 45, Code 1960, Tit. 7 Appendix. We therefore are unable to pronounce error to reverse in the stated ruling.

It is next contended that the trial court erred in refusing to grant defendant's motion for a new trial on the grounds, first, that the verdict was excessive; second, that the preponderance and great weight of the evidence showed (a) that appellee had burned or procured the burning of his property; (b) that the policy of insurance was voided by insured by his violation of the provision requiring him to protect and conserve the property after the fire; and (c) that the policy was voided by false swearing by plaintiff in reporting under oath in his proof of loss a greater damage than was actually sustained.

In addressing our remarks to these several propositions we might observe at the outset that counsel for appellant have argued with great cogency in sustention of them, but a studious consideration of the record has convinced us that we would not be justified in overturning the ruling below, refusing the new trial. As regards these respective issues, the evidence was in sharp conflict. And while concededly there was evidence from which the jury might have concluded the several defenses were well taken, there was also substantial evidence which authorized the verdict and in this circumstance, for us to disturb it would be unwarranted.

■ The governing rules are well understood. It is not our function in reviewing the action of the trial court in passing on such a motion to decide what we might have done in the first instance had we been sitting as a jury hearing the facts. To authorize our reversing the trial court in that ruling, we must be convinced that the weight of the evidence was so decidedly against the verdict as to convince the impartial mind that it was manifestly wrong and unjust. Indeed, we have said: " * * When such a motion is denied by the trial court, and the verdict is largely dependent upon the credibility of the witnesses, to reverse the judgment on that motion the weight of the evidence must be so strong that there can be no reasonable doubt but that the verdict was the result of passion, prejudice, bias, favor, or some other motive which should not be controlling. Wolf v. Doe ex dem. Delage, 150 Ala. 445, 43 So. 856; Alabama Great Southern R. R. Co. v. Randle, 215 Ala. 535(4), 112 So. 112. The same is true in respect to matters in the discretion of the jury. Veitch v. Southern Railway, 220 Ala. 436, 126 So. 845." American Life Ins. Co. v. Williams, 234 Ala. 469, 472, 175 So. 554, 556, 112 A.L.R. 1215.

And the refusal of the trial court to grant the motion adds verity to the propriety of the verdict and thereby strengthens the presumption in its favor. Smith v. Smith, 254 Ala. 404(7), 48 So.2d 546.

■■ First, on the question of the excessiveness of the verdict. True, there was some evidence that the value placed on the insured property was excessive, but there was likewise ample evidence to sustain the verdict returned. Before the verdict can be declared to be excessive, it must clearly appear that it was the result of inadvertence or intentional or capricious disregard of the evidence, or was infected with bias, passion or other improper motive, consequently resulting in such excessive verdict. Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830; Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447. Such does not appear.

■ What we have said about the evidence regarding the excessiveness of the amount of recovery applies with equal effect to the other grounds argued. There is plausible argument, as so ably presented by counsel for appellant, that the fire may have been of incendiary origin, but there is also countervailing evidence to fairly rebut this theory. Likewise, there may have been suspicious circumstances that would tend to incriminate the plaintiff, had the fire been of incendiary origin, by reason of the plaintiff's having received burns on the night of the fire. Yet there is also evidence tending to explain these burns which would induce the conclusion, if credited by the jury, that this was merely an

innocent coincidence, which unluckily transpired on that night. The jury who heard the evidence and saw the witnesses testify believed the plaintiff's explanation, the trial court likewise evidently accepted it and justified this belief by refusing a new trial, and under well-recognized presumptions, we must affirm. As regards the alleged violation of the policy provision to protect the property, there was evidence on the part of plaintiff that the property was a total loss, thereby averting the necessity of complying with such provision. And as regards the presentation of false values in the proof of loss, this also was met by countervailing evidence and can avail the defendant nothing.

Finally, we must hold that there was no reversible error with reference to the admission in evidence of the proofs of loss. It was the defendant which introduced these proofs, although they were sought to be limited so as to eliminate them as evidence of the amount of damage, whereupon plaintiff offered them generally. Laying aside the question of the right of the defendant to limit the evidentiary value of these proofs, after they had thus been offered the court will not be put in error for permitting the plaintiff to introduce them generally. These proofs would have been properly admitted on the part of plaintiff to show compliance with the policy provisions. Sovereign Camp, W. O. W. v. Pritchett, 203 Ala. 33(5), 81 So. 823; 46 C.J.S., Insurance § 1318(b), P. 418. The evidentiary effect of such proofs and their proper use might have been pointed out to the jury by appropriate instructions had the defendant considered it necessary and requested it. Sovereign Camp, W. O. W. v. Pritchett, supra.

The record has had our careful study. The case was well tried and the parties were represented by able and diligent counsel. The jury has spoken on the several contested issues of fact peculiarly within their province to determine and its decision has been approved by the trial judge of much learning and experience. That judgment is a solemn thing and we should and will not capriciously disturb it. Girardino v. Birmingham Southern Ry. Co., 179 Ala. 420, 423, 60 So. 871. We find no error.

Affirmed.

LIVINGSTON, C. J., and FOSTER and GOODWYN, JJ., concur.